**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Rankin SIMPSON, Defendant–Appellant.**

**No. 93–10128.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 1994.*

Decided June 8, 1994.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

P. Danice Johnson, Asst. Federal Public Defender, Las Vegas, NV, for defendant-appellant.

Rimantas A. Rukstele, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: FERGUSON, NOONAN and T.G. NELSON, Circuit Judges.

Opinion by Judge NOONAN.

NOONAN, Circuit Judge:

John Rankin Simpson appeals from conviction of being a felon in possession of a firearm. The issue on appeal is whether Nevada, which had convicted him of a felony, had restored the right to have a firearm. We hold that it had not and accordingly affirm his conviction.

### PROCEEDINGS

On March 30, 1984 Simpson pleaded guilty to a state felony charge in Nevada and was subsequently given a six year suspended sentence and placed on probation for five years. He completed his probation on April 13, 1989 and was honorably discharged on May 23, 1989.

Under Nevada law every defendant who has fulfilled the conditions of his probation for the entire period of the probation may be granted an honorable discharge from probation by order of the court. Nev.Rev.Stat. § 176.225. According to this statute, a person who is honorably discharged from probation may apply to the court for restoration of his civil rights pursuant to § 176.227.

Under § 176.227 such a person honorably discharged from probation who is not convicted of any offense greater than a traffic violation within six months after his discharge may apply to the Department of Probation to request a restoration of his civil rights. If the Department determines that he meets the requirements of this statute, the Department is to petition the court for an order granting the restoration.

Simpson did not follow the procedure prescribed by the statute. He did, however, on May 23, 1989 obtain as part of his discharge from probation by the Eighth Judicial District Court of Nevada an order which provides as follows:

> IT IS THEREFORE ORDERED that the previous finding of Guilty be changed to that of Not Guilty, and the Information herein dismissed.

> IT IS FURTHER ORDERED that said defendant be, and is hereby discharged from supervision and released from all penalties and disabilities resulting from the crime of which he has been convicted.

Thereafter, on September 23, 1992 Simpson was found in possession of a sawed-off Winchester Ranger Model 12, 20 gauge shotgun. He was indicted as a felon in possession of this gun in violation of 18 U.S.C. § 922(g)(1); of unlawfully possessing this gun which was not registered to him in violation of 26 U.S.C. § 5861(d); and of unlawfully possessing this gun with its serial number obliterated in violation of 26 U.S.C. § 5861(h).

Simpson pleaded guilty to all counts but was allowed to withdraw his plea of guilty to count 1, the count charging him as an ex-felon in possession, and to enter a conditional plea of guilty, so that he could pursue an appeal to this court.

### ANALYSIS

Under 18 U.S.C. § 922(g)(1) it is a federal crime for an ex-felon to possess a firearm. However, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

In order to determine whether an ex-felon has had his civil rights restored we look

at the whole of state law. *United States v. Gomez,* 911 F.2d 219, 220 (9th Cir.1990). Nevada law provides that a person who has been convicted of a felony in Nevada, in any other state, or under federal law shall not own a firearm "unless he has received a pardon and his right to bear arms has been specifically restored." Nev.Rev.Stat. § 202.-360.

Simpson argues that the order he received from the Eighth Judicial District did eliminate "all penalties and disabilities resulting from the crime of which he has been convicted" and that this comprehensive language surely includes the elimination of his disability as to possession of a firearm. In rebuttal, it is pointed out that the court's order does not specifically refer to a firearm. We need not decide this argument. Simpson did not comply with the Nevada law for restoration of his civil rights. Without this compliance his civil rights remained unrestored by invoking the procedure set out in § 176.227.

Simpson complains that he was "mouse-trapped," led by the state to think that he was free to carry a gun and then surprised by an obscure section of state law. *See United States v. Erwin,* 902 F.2d 510 (7th Cir.1990), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). But according to section 176.225, when he was given an honorable discharge, he had to be furnished with papers telling him exactly what he had to do for the restoration of his civil rights. Nev.Rev.Stat. § 176.225.3. He has not shown that he did not receive this information. As he did not follow the prescribed procedure, he cannot complain of surprise or unfairness.

**AFFIRMED.**