**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lloyd Leroy LOUCKS, Defendant–Appellant.**

No. 97–30274.

United States Court of Appeals, Ninth Circuit.

Argued May 6, 1998.

Decided July 24, 1998.

Thomas Monaghan, Federal Defenders of Eastern Washington, Yakima, Washington, for defendant-appellant.

Jane Kirk, Assistant United States Attorney, Yakima, Washington, for plaintiff-appellee.

Before: THOMPSON, and TASHIMA, Circuit Judges, and STAGG, District Judge *

DAVID R. THOMPSON, Circuit Judge:

Lloyd Leroy Loucks appeals his conviction for making a false statement to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6). In filling out a U.S. Department of Alcohol, Tobacco and Firearms (AT & F) form to buy a Remington 30.06 rifle, Loucks denied he had been convicted of a felony. He had been convicted of a felony in the State of Washington. Nevertheless, he contends his denial on the AT & F form cannot be used to support his section 922(a)(6) conviction. He argues the only reason the State of Washington did not restore his civil rights, in effect canceling out the predicate felony for purposes of the federal firearm statute, was because he was indigent and unable to pay a legal financial obligation (LFO) imposed as part of his sentence for the felony conviction. He contends the failure of Washington to restore his civil rights in these circumstances violates his due process and equal protection rights under the Constitution.

We have jurisdiction under 28 U.S.C. § 1291. We affirm Loucks's conviction, because the State of Washington provided alternative means, other than the payment of the LFO, by which Loucks could have sought restoration of his civil rights, and Loucks failed to take advantage of those alternatives.

## FACTS

At the time he applied to buy the Remington 30.06, Loucks had been convicted in the State of Washington of second degree malicious mischief, a class C felony punishable by imprisonment for a term of up to five years. Loucks was sentenced to ninety days imprisonment, twelve months of community supervision and ordered to pay an LFO of $7,269.25.

Under Washington law, payment of an LFO, which may include restitution, fines, court costs, and/or other assessments, constitutes a condition of a sentence. Wash. Rev. Code Ann. §§ 9.94A.145(1), (10) (1998). An LFO lasts until satisfied or for ten years "following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period is longer." Wash. Rev.Code Ann. § 9.94A.145(4).

At the time of his arrest on the present charge, Loucks had completed his term of incarceration and community supervision, and he had paid $1,360 toward his LFO obligation. The outstanding balance of the LFO, however, was $7,269.11, due to accumulating interest.

After Loucks was indicted in the present case, a magistrate judge found him to be indigent and appointed counsel. Loucks moved to dismiss the indictment, and when that failed he made a plea bargain with the government pursuant to which he entered a conditional guilty plea to making a false statement to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6). Other counts of the indictment were dismissed, Loucks's conviction was entered, he was sentenced and this appeal followed.

## DISCUSSION

It is a federal crime to knowingly make a false statement in purchasing a firearm from a licensed dealer. 18 U.S.C. § 922(a)(6) (1994). In this case, Loucks bought the 30.06 from a licensed dealer and falsely stated that he was not a convicted felon. Whether a person has been convicted of a felony is a matter of state law. 18 U.S.C. § 921(a)(20) (1994). However, "[a]ny conviction ... for which a person ... has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* Had the State of Washington restored Loucks's civil rights, we assume for purposes of this appeal that

---

* The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisi- ana, sitting by designation.

such restoration would not have precluded Loucks from possessing a firearm, and, therefore, his statement on the AT & F form would not have supported his conviction under 18 U.S.C. § 922(a)(6). The issue then becomes whether the State of Washington denied Loucks due process by not restoring his civil rights when his failure to complete payment of his LFO was due to his indigency.[1]

In another context—revocation of probation—a state violates due process when it revokes probation because an offender fails to pay a fine when (1) the offender makes "sufficient bona fide efforts" to pay the fine and (2) there are alternatives to imprisonment to meet the state's interest in punishment. *Bearden v. Georgia,* 461 U.S. 660, 672–73, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). On the other hand, a state may incarcerate an offender who fails to make "sufficient bona fide efforts" to seek employment or borrow money to pay the fine, because such an offender has shown "an insufficient concern for paying the debt he owes to society...." *Id.* at 668, 103 S.Ct. 2064.

Relying upon *Bearden,* we have required a court to "inqui[re] into the willfulness of nonpayment and the efficacy of less drastic measures" before the court may add criminal history points when a defendant commits an offense while under a sentence to pay an LFO. *United States v. Parks,* 89 F.3d 570, 573 (9th Cir.1996) (remanding for a hearing as to whether defendant's failure to pay the LFO was willful). *But see United States v. Gallego,* 905 F.2d 482 (1st Cir.1990) (finding *Bearden* inapplicable and affirming the addition of criminal history points for a fine that was not yet due).

In this case, the State of Washington offers alternatives to offenders who cannot pay their LFOs. An offender may, "whenever the maximum term of imprisonment for which any such person was committed is about to expire or has expired," petition the governor to restore his civil rights. Wash. Rev.Code Ann. § 9.96.010 (1998). Beginning July 23,

1995, an offender could also petition the court for remission of all or part of the court fees and costs portion of an LFO based upon "manifest hardship." Wash. Rev.Code Ann. § 10.73.160(4) (Supp.1998). Also, from the date of Loucks's discharge on the Class C felony to July 23, 1995 (when the law changed), he could have requested a reduction of the restitution portion of his LFO. Wash. Rev.Code Ann. § 9.94A.142 (1) (1988 & Supp.1995), *amended by* Laws 1995, ch. 231 § 2.

Because the State of Washington has provided Loucks with the foregoing alternative procedures to obtain restoration of his civil rights, procedures which Loucks eschewed, the State's failure to restore his civil rights is not due solely to his indigency.

We emphasize that Loucks did not attempt to pursue any of the alternatives offered by the State. Just as an offender who has not made adequate efforts to pay his fine has not shown sufficient concern for paying his debt to society (*see Bearden,* 461 U.S. at 668, 103 S.Ct. 2064), so Loucks, who has made no effort to pursue Washington's alternatives to payment of his LFO, has not shown sufficient concern to seek restoration of his civil rights. *See United States v. Simpson,* 27 F.3d 355, 357 (9th Cir.1994) (where an offender must follow certain procedures in order to obtain restoration of civil rights, and does not, the conviction is properly treated as a predicate offense).

AFFIRMED.

---

1. Loucks also contends he was denied equal protection. We apply a due process analysis, however, because that analysis "directly confront[s] the intertwined question of the role that a defendant's financial background can play in determining an appropriate sentence." *Bearden v. Georgia,* 461 U.S. 660, 666 & n. 8, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).