UNITED STATES of America, Plaintiff–Appellee,

v.

James Kim LASKIE, Defendant–Appellant.

No. 00–10437.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001

Filed Aug. 6, 2001

Michael J. Kennedy and John C. Lambrose, Assistant Federal Public Defenders, Reno, Nevada, for the defendant-appellant.

J. Gregory Damm, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: GOODWIN, GRABER, and MCKEOWN, Circuit Judges.

GRABER, Circuit Judge:

Defendant James Kim Laskie was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals, arguing that his previous state conviction had been "set aside," as that term is used in 18 U.S.C. § 921(a)(20), by an "honorable discharge" that he received from a Nevada court in 1985. We agree and vacate Defendant's conviction.

## FACTUAL AND PROCEDURAL HISTORY

In 1982, Defendant pleaded guilty in Nevada state court to possession of a controlled substance, a felony. He was sentenced to a suspended prison term of two years, with three years of probation. After completing his probation, Defendant applied for and received an "Order Honor-

ably Discharging Probationer," which provided, as relevant:

IT IS THEREFORE ORDERED that the previous finding of Guilty be changed to that of Not Guilty, and the Information herein dismissed.

IT IS FURTHER ORDERED that said Defendant be, and is hereby discharged from supervision and released from all penalties and disabilities resulting from the crime of which he has been convicted.

In April 1999, Las Vegas police officers arrested Defendant for carrying a concealed weapon. A one-count indictment was filed in federal court, charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the charge but later moved to withdraw his plea so that he could challenge the validity of the 1982 conviction. The government did not object. The district court issued an order allowing Defendant to withdraw his plea "to the limited extent that Defendant may challenge the validity of his underlying conviction."

Defendant then brought a motion to dismiss the indictment with prejudice, arguing that, under 18 U.S.C. § 921(a)(20), his "honorable discharge" had operated to remove his prior conviction from the reach of § 922(g)(1). The district court denied the motion, ruling that, under Nevada law, "an honorable discharge from probation does not, of itself, restore the right to possess firearms." The district court then reinstated Defendant's guilty plea and sentenced him to six months in prison followed by three years of supervised release.

Defendant filed this timely appeal.

## STANDARD OF REVIEW

■ We review de novo a district court's order denying a motion to dismiss when the order is based on an interpretation of a federal statute. *United States v.* *Fitzgerald,* 147 F.3d 1101, 1102 (9th Cir. 1998). We also review de novo whether a prior conviction may be used as a predicate offense in a prosecution under 18 U.S.C. § 922(g)(1). *United States v.* *Oman,* 91 F.3d 1320, 1321 (9th Cir.1996).

## DISCUSSION

Title 18 U.S.C. § 922(g)(1) prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," from possessing a firearm. Section 921(a)(20) defines "conviction" for purposes of that statute:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

■ As that definition makes clear, a conviction that has been expunged or set aside, or for which a felon has been pardoned or has had civil rights restored, cannot serve as the predicate for a conviction under § 922(g)(1), unless the convicting jurisdiction expressly has forbidden the defendant to possess firearms. *Caron v. United States,* 524 U.S. 308, 313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). In discussing the purpose of this provision, we have quoted with approval a Seventh Circuit case:

"The second sentence of § 921(a)(20) is an anti-mousetrapping rule. If the state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all* civil rights have been restored, a

reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher."

*United States v. Herron,* 45 F.3d 340, 343 (9th Cir.1995) (quoting *United States v. Erwin,* 902 F.2d 510, 512–13 (7th Cir. 1990)).

■ Section 921(a)(20) "define[s] convictions, pardons, expungements, and restorations of civil rights by reference to the law of the convicting jurisdiction." *Caron,* 524 U.S. at 313, 118 S.Ct. 2007; *see also Beecham v. United States,* 511 U.S. 368, 371, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). If the "pardon, expungement, or restoration of civil rights" occurred by operation of law, then it must "look to the whole of state law" to determine whether the state also had expressly prohibited the defendant from possessing firearms. *Herron,* 45 F.3d at 342. But if, as in this case, the "pardon, expungement, or restoration of civil rights" occurred by a certificate or other written document, then the express reservation must be contained in the document itself. *Id.* at 343.

A. *Was Defendant's Conviction Set Aside?*

■ Defendant's honorable discharge was granted pursuant to Nevada Revised Statute ("N.R.S.") section 176.225(c) (1969), which provided that a defendant who met certain criteria

> may at any time ... be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty; and in either case, the court shall thereupon dismiss the indictment or information against such defendant, who shall thereafter be released from all penalties and disabili-

ties resulting from the offense or crime of which he has been convicted.

Defendant argues persuasively that the honorable discharge "set aside" his prior conviction and, accordingly, that the conviction cannot serve as a predicate felony under 18 U.S.C. § 922(g)(1). The text of Defendant's discharge order is unequivocal: It states that *"the previous finding of* Guilty *be changed to that of Not Guilty, and the Information herein dismissed....* Defendant ... is hereby discharged from supervision and *released from all penalties and disabilities resulting from the crime of which he has been convicted."* (Emphasis added.) Upon receiving that order, Defendant reasonably could have concluded that he was "released from all penalties and disabilities" resulting from [his] crime, including the prohibition against possessing firearms.

Defendant's argument is buttressed by the plain meaning of the phrase "set aside," which Black's Law Dictionary 1376 (7th ed.1999) defines to mean "annul or vacate." A process that changes a previous "finding" of "guilty" to one of "not guilty," dismisses an information, and releases a defendant from all penalties and disabilities associated with a conviction appears to fall within that definition. Moreover, the Nevada Supreme Court has noted that a court's power to "vacate" an underlying conviction was found within N.R.S. section 176.225 (1969), the statute under which Defendant obtained his honorable discharge. *See Creps v. State,* 94 Nev. 351, 581 P.2d 842, 846 n. 5 (1978) (stating that the "power to vacate an underlying judgment of conviction (the 'pardon' power) is also jointly allocated between the court (NRS 176.225, 'honorable discharge from probation') and the executive (NRS 213.090)").

■ Thus, Defendant received a document that appears on its face to "set aside"

his conviction. The government argues, however, that the honorable discharge did not "set aside" his conviction. First, the government reasons, the Nevada court *could not* set aside Defendant's conviction, because Defendant *pleaded guilty* in 1982, rather than going to trial. That argument is rooted in the text of N.R.S. section 177.225(c) (1969), which provided, among other things, that if a defendant "has been convicted after a plea of not guilty, the court may set aside the verdict of guilty." According to the government, that passage means that a court *may not* set aside a conviction that is entered after a plea of guilty but, rather, may only allow a defendant to "withdraw his plea of guilty."

The foregoing phrase, read in context, will not bear the weight that the government places on it. The 1969 statute simply recognized that there are only two ways by which a defendant can be convicted of a crime: either the defendant pleaded guilty or the defendant pleaded not guilty and went to trial. The statute allowed a defendant to petition to have a conviction removed under either circumstance; a defendant could *either* "withdraw his plea of guilty" *or* have a verdict "set aside" if the person was "convicted after a plea of not guilty." The statute provided that, *"in either case,"* the court dismisses the indictment or information against the defendant, who is released from all penalties and disabilities arising from the conviction. (Emphasis added.) In other words, the end result of the discharge is exactly the same for the defendant "in either case."

The government suggests no reason, and we can think of none, why N.R.S. section 177.225(c) (1969) would provide for convictions to be "set aside" only in cases in which a defendant put the state to the difficulty and expense of a trial. We decline to attach significance to a minor discrepancy in statutory text, when the stat-

ute plainly means for the result to be the same with respect to defendants who plead guilty and those who do not. *Cf. Hargrove v. State,* 100 Nev. 498, 686 P.2d 222, 224 (1984) (per curiam) (stating that a motion for a new trial and a motion to withdraw a guilty plea after a conviction "serve an identical function, since both argue that the predicate of guilt, whether it be plea or verdict, is suspect or defective and must be set aside").

The government next argues that, because a conviction is defined by reference to state law, and because Nevada law recognizes that an honorable discharge is still a conviction for purposes of its ex-felon-in-possession-of-a-firearm statute, then Defendant must have a conviction for purposes of 18 U.S.C. § 922(g)(1). The government notes that the 1969 version of N.R.S. section 176.225.3 provided that, "in any subsequent prosecution of the defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the indictment or information had not been dismissed." Moreover, the Nevada Supreme Court has held that an honorable discharge did not preclude a *state* prosecution for being an ex-felon in possession of a firearm. *Hand v. State,* 107 Nev. 577, 816 P.2d 468, 470–71 (1991).

■ That fact, however, is not dispositive here. Under the law of this circuit, whether a state law uses a prior conviction in a subsequent prosecution for being a felon in possession of a firearm does not answer the first question in the 18 U.S.C. § 921(a)(20) analysis: Has the conviction been "set aside"? The so-called "unless" clause of § 921(a)(20) recognizes this fact: A defendant who has been subject to a "pardon, expungement, or restoration of civil rights" has not suffered a conviction *"unless* such pardon, expungement, or res-

toration of civil rights *expressly provides* that the person may not ship, transport, possess, or receive firearms." (Emphasis added.) The "unless" clause instructs that, even if a state does not allow a defendant who has been subject to a "pardon, expungement, or restoration of civil rights" to carry a gun, a conviction under § 922(g)(1) *is still precluded* if: (1) the "pardon, expungement, or restoration of civil rights" occurred by a certificate and (2) the state did not expressly inform the defendant that he could not possess a firearm. *Herron,* 45 F.3d at 343.

Finally, the government asserts that this case is controlled by *United States v. Simpson,* 27 F.3d 355 (9th Cir.1994). In *Simpson,* we held that a defendant who had been honorably discharged under the *1989 version* of N.R.S. section 176.225 nevertheless could be prosecuted under 18 U.S.C. § 922(g)(1), because his civil rights had not been restored. *Id.* at 357.

*Simpson* is distinguishable. The 1989 version of N.R.S. section 176.225, which was at issue in that case, and the 1969 statute under which Defendant received his honorable discharge, differ substantially. As relevant to this case, the 1989 statute provides:

> A person honorably discharged from probation is free from the terms and conditions of his probation and may apply to the court, in person or by attorney, pursuant to section 1 of this act [Nev.Rev.Stat. § 176.227], for the restoration of his civil rights. He must be informed of this privilege in his probation papers.

Nev.Rev.Stat. § 176.225.3. The 1969 version of section 176.225 did not contain comparable text.

Thus, the 1989 statute established a process by which (1) a person receives an honorable discharge; (2) the state informs that person of the opportunity to apply for restoration of civil rights; and (3) the person can choose to seek restoration of civil rights, or not. In every case, the person is informed explicitly that there is a further step required before the penalties and disabilities of the conviction may be erased. That fact was crucial to the *Simpson* court's analysis:

> But according to section 176.225, when [the defendant] was given an honorable discharge, he had to be furnished with papers telling him exactly what he had to do for the restoration of his civil rights. Nev.Rev.Stat. § 176.225.3. He has not shown that he did not receive this information. As he did not follow the prescribed procedure, he cannot complain of surprise or unfairness.

27 F.3d at 357.

Here, by contrast, Defendant received only a single discharge order, which said nothing about further steps that he was required to take to have his rights restored. As a result, Defendant, unlike the defendant in *Simpson,* reasonably can complain that he was "mousetrapped"— that is, led to believe by the state that he was "released from all penalties and disabilities resulting from the crime of which he has been convicted" when, in fact, he was not entitled to possess firearms. *Simpson* does not control in these circumstances.

We conclude, then, that his honorable discharge "set aside" Defendant's conviction.

**B.** *Did the Set–Aside Expressly Reserve the Right to Possess Firearms?*

The fact that Defendant's conviction has been "set aside" means that the conviction cannot serve as the predicate felony for a conviction under 18 U.S.C. § 922(g)(1), *unless* the convicting jurisdiction has "expressly provide[d] that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). As noted,

this court's opinion in *Herron* instructs that we look only to the order setting aside Defendant's conviction for such an express prohibition. The order setting aside Defendant's conviction released Defendant "from *all* penalties and *disabilities* resulting from the crime of which he has been convicted." (Emphasis added.) The order contains no express provision concerning his right to possess firearms.

## CONCLUSION

In sum, Defendant's "honorable discharge" in 1985 operated to "set aside" his prior felony conviction. Because that discharge does not expressly prohibit Defendant from possessing firearms, the prior felony may not serve as a predicate conviction for purposes of 18 U.S.C. § 922(g)(1). Accordingly, we REVERSE the judgment of the district court and VACATE Defendant's conviction and sentence.