**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Paul Joseph DONEY, Defendant—**
**Appellant.**

No. 05–30130.
DC No. CR 04–00053 CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2006.

Decided June 1, 2006.

Lori Harper Suek, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff—Appellee.

Anthony R. Gallagher, Federal Defenders of Montana, Great Falls, MT, for Defendant—Appellant.

Before NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Paul Joseph Doney ("Doney") was convicted of eight counts of drug trafficking and related weapons-possession crimes. Doney appeals on four grounds, arguing that: (1) the search warrant obtained to search his car was not supported by probable cause because the warrant affidavit included the recklessly erroneous assertion that Doney could not legally possess firearms due to prior felony convictions; (2) there was insufficient evidence to support the charge that Doney possessed a semiautomatic assault weapon in relation to a drug trafficking crime; (3) the indictment was insufficiently specific because it failed to allege that the firearm was a semiautomatic assault weapon; and (4) the mandatory life sentences imposed for his drug trafficking crimes are unconstitutional. Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

In general, we review *de novo* a district court's determination whether probable cause is lacking because of alleged misstatements in the supporting affidavit for a warrant. *United States v. Elliott*, 322 F.3d 710, 714 (9th Cir.2003). Because Doney did not raise this argument to the district court, however, we review only for plain error. *See United States v. Recio*, 371 F.3d 1093, 1099–1100 (9th Cir.2004). To reverse, "we must find that (1) there is 'error'; (2) it was 'plain'; and (3) the error affected 'substantial rights.' " *Id.* at 1100 (quoting *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these conditions are met, "we may notice the forfeited error only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *Olano*, 507 U.S. at 736, 113 S.Ct. 1770) (alteration in the original).

The statement in the warrant affidavit that Doney could not legally possess firearms due to his prior felony convictions was erroneous because his civil rights had

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

been restored under Montana law. *See United States v. Laskie,* 258 F.3d 1047, 1049 (9th Cir.2001); *United States v. Eaton,* 31 F.3d 789, 791 (9th Cir.1994). Doney was nonetheless prohibited from possessing firearms at the time of the search because he had a previous misdemeanor conviction for domestic abuse. *See* 18 U.S.C. § 922(g)(9). Therefore, even assuming that Doney has satisfied the first three prongs of the plain error test, we decline to notice the forfeited error because it did not seriously affect the fairness of the judicial proceedings. *See Recio,* 371 F.3d at 1100.

Where a defendant moves for acquittal at the close of the government's evidence, we review *de novo* whether sufficient evidence exists to support a guilty verdict. *United States v. Stewart,* 420 F.3d 1007, 1014 (9th Cir.2005). The government presented sufficient evidence to find that Doney possessed a "semiautomatic assault weapon" under 18 U.S.C. § 924(c)(1)(B)(i) because an agent testified that one of the firearms recovered from Doney's car was an IntraTec 9–millimeter handgun. *See* 18 U.S.C. § 921(a)(30)(A)(viii) (2004) (defining "semiautomatic assault weapon" to include any firearm known as an "INTRATEC TEC–9").

■ Doney's challenge to the sufficiency of the indictment is reviewed for plain error because he raises the issue for the first time on appeal. *See United States v. Velasco–Medina,* 305 F.3d 839, 846 (9th Cir.2002). The indictment was sufficient because it specifically referred to an "IntraTec 9 mm handgun" and to 18 U.S.C. § 924(c)(1)(B)(i). *See United States v. James,* 980 F.2d 1314, 1317–18 (9th Cir. 1992) (holding that under plain error review, an indictment is sufficient if "the necessary elements of the crime appear in the indictment by reference to the relevant statutes").

■ As Doney concedes, we have recently rejected most of his arguments challenging the constitutionality of 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1). *See United States v. Jensen,* 425 F.3d 698, 706–08 (9th Cir.2005), *cert. denied,* — U.S. —, 126 S.Ct. 1664, 164 L.Ed.2d 398 (2006). Doney's remaining constitutional claim is that his life sentences violate due process because 18 U.S.C. § 3559(c) imposes a mandatory life sentence for more serious crimes. We reject this claim, finding this sentencing scheme to have a rational basis because Congress can choose to treat drug crimes as seriously as violent crimes. *See Gonzales v. Raich,* 545 U.S. 1, 125 S.Ct. 2195, 2202–03, 162 L.Ed.2d 1 (2005) (describing how Congress passed the Controlled Substances Act as part of the "war on drugs"); *United States v. Stokes,* 292 F.3d 964, 966–67 (9th Cir.2002) (holding that a sentencing statute that does not burden the exercise of a fundamental right is upheld if Congress had a rational basis for its actions).

Accordingly, Doney's conviction and sentence are **AFFIRMED.**