Joseph R. GABRIELLE, Appellant,

v.

STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. S–11490.

Supreme Court of Alaska.

May 18, 2007.

Wayne Anthony Ross, Ross & Miner, P.C., Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

Joseph R. Gabrielle appeals the Alaska Department of Public Safety's refusal to renew his permit to carry a concealed handgun as well as the department's decision to revoke his existing permit. The department concluded that Gabrielle was ineligible for a permit because he was convicted of a felony in 1983 and Alaska law forbids a felon to carry a concealed handgun. Gabrielle, who received a gubernatorial pardon in 1993, argues that he is entitled to a permit because the plain language of the licensing statute does not prohibit a felon from obtaining a permit, and because he has an affirmative defense to criminal liability. Because the legislature intended to bar felons from obtaining concealed handgun permits, and because it would be futile to issue Gabrielle a permit to carry a concealed handgun that would not give him the right to carry a concealed handgun beyond that which is available to all citizens, we affirm the department's decision.

We have considered each of appellant's arguments and points on appeal. The record fully supports the Memorandum Decision on Appeal entered by Superior Court Judge Sharon L. Gleason, which we adopt as the opinion of this court. It is set forth below.[1]

## APPENDIX

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

JOSEPH R. GABRIELLE, Appellant.

vs.

STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY, Appellee.

Case No. 3AN–03–07244 CI

### MEMORANDUM DECISION ON APPEAL

This is an appeal from a decision of the Department of Public Safety (DPS), which revoked Mr. Gabrielle's concealed handgun permit and refused to renew it. For the reasons set forth below, the decision of the Department is AFFIRMED.

### Facts and Proceedings

In January 2003, the Alaska State Troopers Division of DPS revoked Mr. Gabrielle's concealed handgun permit and refused to renew the permit because Mr. Gabrielle had been convicted of two felonies in the early 1980's. The State Troopers took this action even though Mr. Gabrielle had received a pardon from Governor Hickel for the felony convictions in October 1993. Mr. Gabrielle appealed the Troopers' decision to the Commissioner of the Department of Public Safety in February 2003. On March 7, 2003, the Commissioner issued a letter denying that administrative appeal, and indicated that based on DPS's interpretation of the applicable statutes, specifically AS 11.61.200(a)(12) and (g), pardoned felons were precluded

from obtaining handgun permits. The Commissioner's letter indicated that it "is a final administrative decision" and that Mr. Gabrielle could "seek judicial review of this decision under AS 44.62.560–44.62.570 within 30 days of receipt of this letter." The record reflects that Mr. Gabrielle received the letter on March 12, 2003.

On March 22, 2003, Mr. Gabrielle submitted a request for reconsideration to the Commissioner of DPS. On April 29, 2003, the Deputy Commissioner summarily denied the request, indicating that "there is no process for administrative 'reconsideration' of denial of an appeal."

On May 5, 2003, Mr. Gabrielle filed this appeal.

### 1. Is Mr. Gabrielle "eligible to own or possess a handgun under the laws of this state"?

Alaska Statute 18.65.705 lists several requirements for a person to be qualified to receive and hold a permit to carry a concealed handgun. The parties dispute whether Mr. Gabrielle meets one of those requirements—whether he "is eligible to own or possess a handgun under the laws of this state and under federal law."[2] The State argues that Mr. Gabrielle is not eligible under either state or federal law to possess a handgun, and this statutory subsection therefore precludes the issuance of the permit to Mr. Gabrielle.

■ The state and federal statutes regulating possession and ownership of handguns do not involve substantial agency expertise. Accordingly, in construing these statutes in this administrative appeal, this court will apply its independent judgment in determining their meaning, adopting the rule that is most persuasive in light of precedent, reason, and policy.[3]

■ Turning first to state law, the State argues that pursuant to AS 11.61.200(a)(12), Mr. Gabrielle is precluded from possessing a handgun. This statute provides that a per-

---

1. We have edited the superior court's decision to conform to our technical rules.

2. AS 18.65.705(2).

3. *Alyeska Pipeline Serv. Co. v. DeShong,* 77 P.3d 1227, 1231 (Alaska 2003) (citation omitted).

son commits the crime of misconduct involving weapons in the third degree if the person "knowingly possesses a firearm that is concealed on the person after having been convicted of a felony...."

The parties dispute whether AS 11.61.200(g), which establishes an affirmative defense to this statutory provision, operates to allow Mr. Gabrielle to possess a handgun. AS 11.61.200(g) provides:

It is an affirmative defense to a prosecution under (a)(12) of this section that

(1) either

(A) the defendant convicted of the prior offense on which the action is based received a pardon for that conviction;

(B) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or

(C) a period of ten years or more has elapsed between the date of the defendant's unconditional discharge on the prior offense ... and the date of the violation of (a)(12) of this section, and the prior conviction ... did not result from a violation of AS 11.41 ...; *and*

(2) at the time of possession, the defendant was

(A) in the defendant's dwelling or on land owned or leased by the defendant appurtenant to the dwelling; or

(B) actually engaged in lawful hunting, fishing, trapping, or other lawful outdoor activity that necessarily involves the carrying of a weapon for personal protection.

(Emphasis added).

Mr. Gabrielle asserts that as a result of his pardon, he has an affirmative defense to a prosecution under (a)(12), and is thus eligible to possess a concealed handgun under state law. The State argues that the affirmative defense in subsection (g) requires not only that Mr. Gabrielle receive a pardon or qualify under either of the other two components of subsection (g)(1), but that he must also meet the requirements of subsection (g)(2), which limits the places where the concealed handgun may be possessed as a precondition to this affirmative defense. In response to this argument, Mr. Gabrielle asserts that subsection (2) of the statute only modifies subsection (1)(C), and is not an additional requirement for a person who has been pardoned who falls within subsection (1)(A).

The State's reading is consistent with fundamental principles of statutory construction. To be entitled to the affirmative defense under AS 11.61.200(g), a criminal defendant would need to establish at least one of the components of subsection (1) *and* one of the components of subsection (2).

The State then notes that AS 11.61.220(b)(1) and (2) permits all citizens to carry a concealed weapon in the same two circumstances specified in AS 11.61.200(g)(2).[4] Therefore, as the State correctly notes, "the net result of the statutory scheme is that a pardoned felon can only carry a concealed handgun in those situations where an ordinary citizen would be able to carry a concealed handgun without a permit."

Under the statutory scheme, a pardoned felon could be prosecuted under AS 11.61.200(a)(12) for misconduct involving weapons in the third degree if the individual possessed a concealed firearm at any place other than the two statutory exceptions set out in AS 11.61.200(g)(2)(A) and (B). And, unlike a prosecution under AS 11.61.220(a)(1) for fifth degree misconduct, it would not be a valid affirmative defense to a prosecution for violation of AS 11.61.200(a)(12) that the individual was the holder of a valid permit to carry a concealed handgun.[5]

And yet, as a pardoned felon, Mr. Gabrielle *is* eligible to own or possess a concealed handgun in at least some locations within the state—within his dwelling and while hunting and undertaking other specified outdoor activities. Moreover, as a pardoned felon, he cannot be prosecuted for violation of AS

---

**4.** [This reference is to a prior version of AS 11.61.220. Following both the department's revocation and the superior court's decision, the statute was amended in ways not relevant here.]

**5.** *See* former AS 11.61.220(b)(3).

11.61.200(a)(1) for "knowingly possessing a firearm capable of being concealed."[6]

Harmonizing these different statutory provisions is a somewhat tortured process from any perspective. But resolution of these provisions is best determined, in this court's view, by assessing the consequences of issuing a concealed handgun permit to Mr. Gabrielle. Under the statutory scheme, possession of such a permit would constitute an affirmative defense to one of the bases for misconduct involving weapons in the fifth degree. Under AS 11.61.220(a)(1), a person commits the crime of misconduct involving weapons in the fifth degree if the person "knowingly possesses a deadly weapon ... that is concealed on the person." Under AS 11.61.220(b)(3), it is an affirmative defense to the prosecution for that crime that the person was "the holder of a valid permit to carry a concealed handgun." However, possession of the permit would *not* constitute a valid affirmative defense to a prosecution for misconduct involving weapons in the third degree based on a pardoned felon's knowing possession of a concealed firearm under AS 11.61.200(a)(12). And, as the State correctly notes, a pardoned felon has the same affirmative defenses as any other citizen to prosecution for weapons violations if, at the time of possession, the defendant was at his dwelling or actually engaged in lawful hunting, fishing, trapping, or other lawful outdoor activity that necessarily involved the carrying of a weapon for personal protection. In effect, the fifth degree misconduct weapons charge is a lesser-included offense to the third degree charge for pardoned felons, but the affirmative defense of a permit is not available to pardoned felons in a prosecution under the third degree charge.

Accordingly, issuance of a concealed handgun permit to Mr. Gabrielle would serve no lawful purpose since such a permit could not serve as an affirmative defense to a prosecution under AS 11.61.200(a)(12). Therefore, the court finds that Mr. Gabrielle should not be considered "eligible to own or possess a handgun under the laws of this state."[7] Since such eligibility is one of the necessary qualifications for issuance of a concealed handgun permit,[8] DPS's revocation of the permit and denial of the permit renewal was appropriate. Moreover, such a result is consistent with the legislative history regarding the concealed handgun permitting laws.[9]

## 2. Mr. Gabrielle is not precluded from owning and possessing a handgun under federal law.

■ The State also asserts that Mr. Gabrielle cannot be issued a concealed carry permit because he is ineligible to own and possess a handgun under federal law. 18 U.S.C. § 922(g)(1) provides in pertinent part:

It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

However, 18 U.S.C. § 921 provides in pertinent part:

Any conviction which has been expunged, or set aside or for which a person *has been pardoned* or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(Emphasis added.) Mr. Gabrielle's pardon did not expressly provide that he could not possess firearms. Therefore, federal law is not a bar to Mr. Gabrielle's permit eligibility.

The State asserts that two federal cases have held that this exception does not permit

---

6. *See* AS 11.61.200(b)(1)(A).

7. AS 18.65.705(2).

8. *See* AS 18.65.705.

9. See Sen. Green, Sponsor Statement for Senate Bill 141, 20th Leg., 1st Sess. (April 23, 1997) (noting the bill was intended to "make clear that no felon, even a non-violent felon, would ever be able to apply for a concealed carry permit").

the carrying of handguns if state law forbids it.[10] But neither Brown nor Caron were pardoned. Mr. Gabrielle references *United States v. Laskie*,[11] which held that Mr. Laskie's prior conviction could not be used as a predicated conviction under 18 U.S.C. § 922(g)(1) because Mr. Laskie had been honorably discharged and that discharge did not include a prohibition of firearm possession. Further, in *United States v. Gallaher*,[12] the Ninth Circuit held:

> Under our decisions in *Laskie* and [*United States v.*] *Herron*[45 F.3d 340 (9th Cir. 1995)], a criminal defendant cannot be charged with a federal crime after receiving a certificate restoring his civil rights that contains no express warning that he cannot possess firearms in spite of the restoration of his civil rights or that his state conviction may constitute an element of a crime if he is found in possession of a weapon.

Following this case law, Mr. Gabrielle is not subject to the prohibition under 18 U.S.C. § 922(g)(1) since he received a pardon for his convictions and his pardon did not contain an express warning that he cannot possess firearms.

### 3. Conclusion

Because this court concludes that Mr. Gabrielle was not "eligible to own or possess a handgun under the laws of this state," the decision of the Department of Public Safety is AFFIRMED.

/s/ Sharon L. Gleason
SHARON L. GLEASON
Superior Court Judge

---

**10.** *See Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998); *United States v. Brown*, 69 F.Supp.2d 925 (E.D.Mich. 1999).

**11.** 258 F.3d 1047, 1052–53 (9th Cir.2001).

**12.** 275 F.3d 784, 792 (9th Cir.2001).