**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher EPPS, aka Christopher**
**Wise, Defendant–Appellant.**

**No. 06–10730.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2007.

Filed Sept. 7, 2007.

Robert L. Ellman, Esq., Karyn Kenny, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

John J. Momot, Esq., Thomas F. Pitaro, Esq., Law Offices of Thomas F. Pitaro, Las Vegas, NV, for Defendant–Appellant.

Before: SILER *, McKEOWN, and BEA, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Cir-

## MEMORANDUM**

Christopher Epps appeals his conviction for possession of a firearm after having been convicted of a "misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). Epps asserts that the indictment should have been dismissed because prior to his conviction for violating § 922(g)(9), the state court withdrew Epps' guilty plea to the predicate conviction on the grounds that his plea in that case was not knowingly and intelligently entered. Epps contends that because of the state court's actions, he was no longer convicted of a predicate "misdemeanor crime of domestic violence" and should not have been prosecuted under § 922(g)(9). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo whether a prior conviction may serve as a predicate offense for a prosecution under 18 U.S.C. § 922(g). *United States v. Laskie*, 258 F.3d 1047, 1049 (9th Cir.2001). Because the facts and procedural history are known to the parties, we repeat them only as necessary.

First, assuming *arguendo*, but not deciding, that a prior state misdemeanor domestic violence offense could serve as a predicate offense under § 922(g)(9) only if the defendant had "effective assistance of counsel" within the meaning of the Sixth Amendment, 18 U.S.C. § 921(a)(33)(B)(i)(I), Epps is not entitled to relief under *Strickland v. Washington,*

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Epps has adduced no evidence that he was prejudiced by his counsel's representation during the state court domestic violence proceedings. *See Strickland,* 466 U.S. at 687, 697, 104 S.Ct. 2052.

Second, *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), bars Epps' assertion that the dismissal of his state court conviction precludes prosecution under § 922(g)(9). Although Congress provided in 18 U.S.C. § 921(a)(33)(B)(ii) that a conviction that "has been expunged or set aside" may not serve as a predicate conviction for prosecution under § 922(g)(9), Epps' conviction was not set aside until *after* he was arrested for possessing a firearm in violation of § 922(g)(9). *See United States v. Padilla,* 387 F.3d 1087, 1092 (9th Cir.2004).

We reject Epps' final assertion that his relationship with his girlfriend did not qualify as a domestic relationship because Epps waived the right to appeal this issue. *See United States v. Hernandez,* 322 F.3d 592, 599 (9th Cir.2003).

**AFFIRMED.**

cuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.