# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3647

_____

| | | |
|---|---|---|
| Muwakkil Khaliah Roby, also known as Frank Andrew Roby, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| James McCoy; Mike Schnepf; David Smith, C.O.; Sgt. L. Hiebert; Unknown, | * * * | (UNPUBLISHED) |
| Appellees. | * | |

_____

Submitted: February 13, 2009
Filed: February 25, 2009

_____

Before MELLOY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Muwakkil Khaliah Roby appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Roby's complaint asserted that, while he was a pre-trial detainee at the Jackson County Detention Center (JCDC), correctional officer David Smith and sergeant L. Hiebert used excessive force against him; inmate services administrator Mike Schnepf and case managers Mike Davis and Brenda Williams, and "other unknowns," filed violation reports in retaliation for the exercise of his First Amendment rights; and JCDC manager James McCoy knowingly allowed

these constitutional violations. We grant leave to appeal in forma pauperis, affirm in part, and reverse and remand in part.

Upon de novo review, we find that the admissible record--including Roby's notarized eyewitness affidavits and excluding defendants' unsworn statements--viewed in a light most favorable to Roby, presents trialworthy issues as to whether the force used by Hiebert and Smith was necessarily incident to JCDC's administrative interests in safety and security, and, thus, that the district court's grant of summary judgment was inappropriate. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (this court reviews grant of summary judgment de novo, viewing evidence and all fair inferences from it in light most favorable to non-moving party); cf. Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989) (conditions-of-confinement claims brought by pretrial detainees are analyzed under Due Process Clause of Fifth and Fourteenth Amendments; conditions suffered must be necessarily incident to administrative interests in safety, security and efficiency); see also Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001) (unsworn statements are hearsay, and therefore not cognizable on summary judgment); Sokol & Assoc., Inc. v. Techsonic Indus., Inc., 495 F.3d 605, 611 n.4 (8th Cir. 2007) (inadmissible hearsay should not be relied upon).

Specifically, according to the eyewitness affidavits, (1) on June 6, 2005, Smith participated in an altercation where Smith held Roby down and other correctional officers kicked him, and Roby had not provoked the altercation with threats or attacks against officers; (2) on October 13, 2005, Smith and other officers lifted Roby out of his wheelchair (Roby has an amputated leg) and carried him to his cell by his jaw after Roby did not respond to an order to get out of the shower; and (3) on June 4, 2006, Hiebert choked Roby while he was handcuffed to his wheelchair, after Roby disregarded an order but otherwise did not threaten or assault prison staff. Based on these facts, a reasonable jury could find that Hiebert and Smith used force in excess of its need, especially in light of Roby's physical condition and the threat he

presented. See Andrews v. Neer, 253 F.3d 1052, 1061 & n.7 (8th Cir. 2001) (in evaluating whether force was excessive, courts may consider, inter alia, need for applying force, relationship between that need and amount of force utilized, threat reasonably perceived, extent of injury inflicted, and whether reasonable officer on scene would have used such force under similar circumstances). We therefore reverse the grant of summary judgment to Smith and Hiebert.

With respect to Roby's claims against Schnepf, neither defendants' motion nor the district court's order provided any reasons for granting summary judgment to Schnepf. Accordingly, we also vacate the grant of summary judgment as to Schnepf, and remand to allow the district court to address these claims in the first instance. See Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 831 (8th Cir. 2000) (appellate court does not usually address issues that have not been considered by district court; remanding to allow the district court "its rightful opportunity" to consider merits of claim). Further, although an attachment to the first page of Roby's form complaint clearly identified Davis and Williams as defendants, they were not so identified in the district court; on remand, the district court should add Davis and Williams as defendants, so Roby's claims against them may also be addressed.

As to McCoy, however, we find that summary judgment was proper. While supervisors may be liable under section 1983 in some circumstances, the record was insufficient to establish McCoy knew of and was deliberately indifferent to a pattern of unconstitutional acts by his subordinates. See Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (supervisory liability under § 1983 may attach if supervisor received notice of pattern of unconstitutional acts committed by subordinates, demonstrated deliberate indifference to or gave tacit authorization of unconstitutional acts, and failed to take sufficient remedial action, and also if injury resulted); Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) ("[a] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisory liability").

Last, we find the district court did not abuse its discretion in denying Roby's motion to amend, which proposed new claims, unrelated to the subject matter of his complaint. See United States v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) (reviewing denial of leave to amend for abuse of discretion; although leave to amend shall be given freely, plaintiffs do not have absolute or automatic right to amend).

Accordingly, we reverse and remand as to Smith, Hiebert, and Schnepf; order Davis and Williams to be added as defendants; affirm as to McCoy; and deny Roby's numerous motions on appeal.

_____