**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50146 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00470-SJO-1 |
| v. | |
| STEVEN NICHOLSON, AKA Steve Vincent Nicholson, AKA Steven Vincent Nicholson, AKA Kendal Stanley, AKA Sergio Steve Washington, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 2, 2020**
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Steven Nicholson appeals his conviction and sentence for being a felon in

possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

924(a)(2). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We reverse.

1.     The district court abused its discretion in denying Nicholson's request for a continuance so that he could proceed with substitute counsel. *See United States v. Nguyen*, 262 F.3d 998, 1002 (9th Cir. 2001). District courts ordinarily have "broad discretion" to address continuance motions made on the eve of trial. *See United States v. Castro*, 972 F.2d 1107, 1109 (9th Cir. 1992), *abrogated on other grounds by United States v. Jimenez Recio*, 537 U.S. 270, 277 (2003). But here, the denial implicated Nicholson's Sixth Amendment right to counsel, so we must balance several factors to determine whether the district court's denial was "fair and reasonable," including the "inconvenience to the witnesses, court, counsel, and parties," whether "other continuances [had] been granted," whether "the request for a delay [was] based on legitimate reasons," whether the delay was the "defendant's fault," and whether the denial "prejudice[d] the defendant." *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir. 1979) (per curiam); *see also Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (explaining that a district court's "arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'" constitutes an abuse of discretion) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). We have also instructed district courts to "summarize in the record [the] reasons for the denial." *United States v. Garrett*, 179 F.3d 1143, 1147

(9th Cir. 1999) (en banc).

We conclude that the district court's explanation was insufficient. When Nicholson first moved for a continuance without requesting substitute counsel, the district court adequately considered the three reasons for a continuance that Nicholson gave, and it provided a reasoned explanation for denying Nicholson's request. But when substitute counsel appeared in court later that morning and explained that he would represent Nicholson if he received a continuance to prepare for trial, the district court responded only that "if there is a request to substitute counsel in, [that] would be denied because the request is not timely," and "[i]f you are requesting a continuance, the request would be denied," without explaining further. In light of the apparent conflicts between Nicholson and his appointed counsel during the first trial, the unexplained note from Nicholson to the judge the morning before the second trial (which might have related to his desire to replace his appointed counsel), and the government's non-opposition to the continuance, we cannot conclude that the district court gave adequate consideration to Nicholson's Sixth Amendment rights, *see Nguyen*, 262 F.3d at 1002–04, or to the pertinent equitable factors, *see Leavitt*, 608 F.2d at 1293.

2.     We reject Nicholson's challenge to the sufficiency of the evidence that he was convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Nicholson did not raise this challenge

3

below, so we review for plain error. *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). Nicholson contends that the inapplicability of the exceptions outlined in 18 U.S.C. § 921(a)(20) is an element of a section 922(g)(1) offense, and that the government failed to prove that those exceptions do not apply here. Our decisions are inconsistent with that theory. *See United States v. Laskie*, 258 F.3d 1047, 1049–50 (9th Cir. 2001) (treating section 921(a)(20) as an issue of law); *see also Benamor*, 937 F.3d at 1186–87 (holding that the section 921(a)(3) antique-firearm exception to section 922(g)(1) is an affirmative defense, not an element). In addition, Nicholson stipulated to his felon status, which "relieved the government of the burden to prove [his] status as a felon." *Benamor*, 937 F.3d at 1188.

3.     Because we reverse the conviction based on the district court's abuse of discretion in denying Nicholson's request for a continuance, we need not consider Nicholson's arguments that the district court erred in instructing the jury under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), or his challenge to the district court's application of section 2K2.1 of the United States Sentencing Guidelines.

The government's request for judicial notice (Dkt. No. 32) is **GRANTED**.

**REVERSED**.

4