**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellant,*

v.

RAYMOND JAYSON SIMPSON,
              *Defendant-Appellee.*

No. 04-10363

D.C. No.
CR-03-00908-SMM

OPINION

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted
June 17, 2005—San Francisco, California

Filed March 27, 2006

Before: Richard C. Tallman, Jay S. Bybee, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Paul K. Charlton, U.S. Attorney, Michael T. Morrissey, Chief, Appellate Section, and Kimberly M. Hare, Assistant U.S. Attorney, Phoenix, Arizona, for the appellant.

Barbara L. Spencer, Spencer, Hubbard & Glitsos, Phoenix, Arizona, for the appellee.

**OPINION**

PER CURIAM:

Petitioner United States ("the government") appeals the District Court of Arizona's dismissal of its indictment charging appellee Raymond Simpson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government argues the district court improperly relied on the underlying facts of Simpson's previous felony conviction, rather than on the "categorical approach," to find that Simpson's conviction did not constitute a "felony involving violence" under Arizona Revised Statute (A.R.S.) § 13-3101(5)(b) (1989).[1] We conclude that because Simpson had his civil rights restored and was not classified as a convicted felon under Arizona law, he was not a felon in possession for purposes of § 922(g)(1). Accordingly, we affirm.

## I.   BACKGROUND

In April 1988, Simpson engaged in sexual relations with a fourteen-year-old girl. As a result, the Maricopa County

---

[1]A.R.S. § 13-3101(5)(b) (1989), defining a prohibited possessor of a firearm, was moved in 1991 to A.R.S. § 13-3101(6)(b) with no change in the language. Although the district court cited to the 1991 version of the statute, because Simpson was convicted in 1989, we cite to A.R.S. § 13-3101(5)(b) (1989).

Attorney charged Simpson with three counts of sexual conduct with a minor, all class two felonies and dangerous crimes against children in the first degree. Simpson pled guilty to attempted sexual abuse of a minor in violation of A.R.S. § 13-1404, and was sentenced to two years of probation. Simpson served his probation and had his probation discharged on May 7, 1991, in accordance with A.R.S. § 13-912.

On August 28, 2003, a federal grand jury indicted Simpson on the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Simpson filed a motion to dismiss the indictment which the district court granted. Reviewing *United States v. Meza-Corrales*, 183 F.3d 1116, 1128 (9th Cir. 1999),[2] the district court considered whether Simpson could be charged under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and found "that the Arizona judge sentenced the Defendant to two years probation after he pled guilty to attempted sexual abuse of a minor only because he apparently determined, under the facts of this particular case, that the commission of the offense did not *in fact* involve violence." Finding that A.R.S. § 13-912(A) substantially restored Simpson's rights on successful completion of his probationary period, the district court concluded that "*under the facts of this particular case*, the Defendant's prior conviction for attempted sexual abuse of a minor was not a felony involving violence, and thus he was not a prohibited possessor within the meaning of A.R.S. § 13-3101." The district court granted Simpson's motion to dismiss the indictment. The government appeals the district court's dismissal.

---

[2]*Meza-Corrales* applied a two-step analysis for a felon-in-possession charge to "(1) determin[e] whether [the Defendant's] civil rights had not been restored under Arizona law" and, if they had been restored, (2) to "determin[e] whether [the Defendant's] right to possess a firearm nonetheless somehow still was restricted in an express manner under Arizona law." 183 F.3d at 1128.

## II.   STANDARD OF REVIEW

This court reviews questions of law *de novo*, *Milenbach v. Commissioner*, 318 F.3d 924, 930 (9th Cir. 2003), and reviews findings of fact for clear error. *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003). This court also reviews *de novo* whether a prior conviction may be used as a predicate offense in a prosecution under 18 U.S.C. § 922(g)(1). *United States v. Laskie*, 258 F.3d 1047, 1049 (9th Cir. 2001).

## III.   ANALYSIS

**[1]** 18 U.S.C. § 922(g) provides, in relevant part, that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm . . . ." 18 U.S.C. § 921(a)(20) defines when an individual is considered "convicted" for purposes of § 922(g):

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned *or has had civil rights restored* shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights *expressly provides* that the person may not ship, transport, possess, or receive firearms.

(emphasis added). At the time of Simpson's 1989 conviction, A.R.S. § 13-3101(5)(b) defined a prohibited possessor as, inter alia, "any person [who] has been convicted within or without this state of a felony involving violence . . . and whose civil rights have not been restored."[3] Thus, our inquiry

---

[3]This aspect of § 13-3101 was amended in 1994 to define a prohibited possessor as "any person [who] has been convicted within or without this

is a "two-step analysis" that considers (1) whether Simpson's civil rights were restored after his 1989 conviction and, if so, (2) whether Arizona law has nevertheless expressly prohibited Simpson from possessing a firearm. *See Meza-Correales*, 183 F.3d at 1128.

A.    *Whether Simpson's Civil Rights Were Restored*

   **[2]** At the time of Simpson's arrest, A.R.S. § 13-904(A) provided that

> A conviction for a felony suspends the following civil rights of the person sentenced:
>
> 1.    The right to vote.
>
> 2.    The right to hold public office of trust or profit.
>
> 3.    The right to serve as a juror.
>
> 4.    During any period of imprisonment any other civil rights the suspension of which is reasonably necessary for the security of the institution in which the person sentenced is confined or for the reasonable protection of the public.

Accordingly, as of 1989, Arizona law did not suspend Simpson's right to possess a firearm.[4] In addition to having some rights automatically suspended under § 13-904(A), Simpson was subject to several standard restrictive terms and regula-

_____

state of a felony or who has been adjudicated delinquent and whose civil right to possess or carry a gun or firearm has not been restored." A.S.C. § 13-3101(6)(b).

[4]In 1994, A.R.S. § 13-904 was amended to add a fifth suspension item: "The right to possess a gun or firearm." Because Simpson was convicted in 1989 and discharged from probation in 1991, this amendment is not applicable to him.

tions during the course of his two-year probation. Standard Term 11 provided that Simpson could not "possess, control, or own any firearms, ammunition, explosives, deadly weapons, or prohibited weapons as defined by A.R.S. § 13-3101."

**[3]** The record also demonstrates Simpson satisfactorily completed his two-year probation, and was released from its restrictive terms. Upon completion of his probation, Simpson's rights that had been suspended under § 13-904(A) were automatically restored to him. A.R.S. § 13-912(A) (1991) provides, in relevant part, that

> Upon completion of the term of probation . . . any person who has not previously been convicted of any other felony shall automatically be restored any civil rights which were lost or suspended by the conviction.

The record indicates that Simpson had not been convicted of any other felony. Thus, upon completion of his probationary period in 1991, all of Simpson's civil rights that had been suspended or restricted because of his 1989 conviction were restored to him by operation of law.

B.   *Whether Arizona Expressly Prohibited Simpson From Possessing A Firearm*

Having determined that Simpson's civil rights were restored following the conclusion of his probation, we turn to the second question: has Arizona law otherwise expressly prohibited Simpson from possessing a firearm? *Meza-Corrales*, 183 F.3d at 1128. The answer is a straight-forward "no." In 1989, A.R.S. § 13-904(A) suspended only Simpson's rights to vote, hold public office, and serve as a juror, and those rights were restored by operation of law under § 13-912(A). The probation-term restriction against possessing a firearm expired—as did all of the other terms of Simpson's probation —at the conclusion of his probationary term. Accordingly,

Arizona law did not expressly prohibit Simpson from possessing a firearm following the end of his probation.

The government argues that the restrictive term prohibiting Simpson from possessing a firearm during his two-year probation survived the end of that probation, and that Simpson failed to take the steps necessary to restore his right to possess a firearm. This claim is erroneous. The government points out that in 1991, A.R.S. § 13-912(B) provided that § 13-912(A) "does not apply to a person's right to possess weapons as defined in § 13-301 unless he applies to a court pursuant to the procedures of § 13-906." However, Simpson's right to possess a firearm was never formally and indefinitely suspended in the same manner as were his rights to vote, hold office, and serve as a juror. Rather, the restrictions placed on Simpson's right to possess a firearm—as well as those placed on his right to be free of search and seizure absent probable cause—are more aptly described as special conditions imposed by the court which applied only for the period of probation (i.e., two years) and no longer. Thus, § 13-912(B)'s limitation is inapposite.

**[4]** Moreover, even if we were to countenance the government's assertion that the probation-period restrictions on Simpson's right to possess a firearm somehow survived the end of his probation, Arizona law certainly did not *expressly* provide that Simpson could not possess a firearm following his probation, as it must where his civil rights have been restored. *See* 18 U.S.C. § 922(g).[5] Our conclusion is in harmony with our decision in *Meza-Corrales*, 183 F.3d at 1129-30. In that case, the government sought to bring felon-in-possession charges against a former Arizona prisoner, a first-

---

[5]While §§ 13-904(A) and 13-3101(5)(b) were amended in 1994 and now expressly provide that a felon may not possess a firearm even after his probationary term is ended, we of course may not apply this law retroactively to those, like Simpson, whose civil rights had already been restored prior to the 1994 amendments.

time felon whose rights were restored to him under § 13-912(A) following his detention. We held that § 13-904(A) did not suspend the former prisoner's right to possess a firearm, and that § 13-912(A) restored to him all of his civil rights. The former prisoner's right to possess a firearm was undoubtedly restricted during his incarceration; yet we concluded that there were no express restrictions on the former prisoner's right to possess a firearm following his release and that, in the absence of some express restriction, § 13-912(B) was inapposite:

> [A]lthough it is true . . . that A.R.S. § 13-912(B) expressly provided that A.R.S. § 13-912(A) did not apply to past felons so far as the automatic restoration of their rights to possess firearms was concerned, that provision had no relevance for step (2) of the analysis . . . . [A.R.S. § 13-912(B)] did expressly provide that it would not restore a past felon's right to possess a firearm, but it did not expressly provide that he was prohibited from doing so if he had not lost the right previously (i.e., Arizona's restoration law did not give back anything that was formerly taken away, but at the same time, it did not take away anything that was not formerly taken away).

*Id.* (internal citations omitted)). Accordingly, we conclude that nothing in Arizona law expressly prohibited Simpson from possessing a firearm following the end of his probation.

## IV. CONCLUSION

**[5]** Simpson's civil rights were fully restored after he successfully completed his probation and Arizona law did not expressly prohibit him from possessing a firearm. Accordingly, under Arizona law, he was not properly considered "convicted" for purposes of § 922(g). For the reasons stated, the district court properly dismissed Simpson's indictment.

AFFIRMED.