**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MARCO DELANO CARR,
          *Defendant-Appellant.*

No. 07-30133

D.C. No.
CR-06-02156-WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Argued and Submitted
November 8, 2007—Seattle, Washington

Filed January 25, 2008

Before: William C. Canby, Jr., Susan P. Graber, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Canby

**COUNSEL**

Diane E. Hehir, Federal Public Defenders of Eastern Washington and Idaho, Yakima, Washington, for the defendant-appellant.

Thomas J. Hanlon, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

**OPINION**

CANBY, Circuit Judge:

Marco Delano Carr appeals his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The underlying felony was Carr's conviction in Washington state court for "Felony Violation of a Protection Order—Domestic Violence," Wash. Rev. Code § 26.50.110(5). Violation of a protection order is normally a gross misdemeanor in Washington, but section 26.50.110(5) makes it a felony if the offender has two previous convictions for violation of a protection order. Carr contends that, for purposes of the federal felon-in-possession statute, we should construe his predicate Washington conviction as a gross misdemeanor, because in some other contexts we have ignored recidivist sentencing enhancements in determining the severity of a conviction. We reject Carr's contention because the statutory structure under which he was convicted requires that we treat his predicate Washington conviction as a felony. We accordingly affirm his conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, Carr pleaded guilty in Washington state court to one count of Felony Violation of a Protection Order—Domestic Violence, pursuant to Washington Revised Code § 26.50.110(5), which provides in part:

> A violation of a [protection] order . . . is a class C felony if the offender has at least two previous convictions for violating the provisions of [a protection] order.

The statutory maximum sentence for violations of section 26.50.110(5) is imprisonment for up to five years. Wash. Rev. Code § 9A.20.020(1)(c). Under Washington's mandatory sentencing guidelines, Carr faced a range of six to twelve months' imprisonment. Applying a downward departure, the trial court sentenced Carr to thirty days confinement with credit for time already served.

A few months later, officers of the Yakima Police Department arrested Carr on an outstanding warrant. After being handcuffed, Carr alerted the arresting officers that he had a dangerous weapon in his waistband, which turned out to be a loaded pistol. Carr was subsequently indicted for possession of a firearm by a person convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. § 922(g)(1). The only predicate offense set forth in the indictment was Carr's February 2006 conviction of Felony Violation of a Protection Order—Domestic Violence. Carr moved to dismiss the indictment on the ground that his earlier conviction failed to qualify as a predicate offense for his felon-in-possession charge. The district court denied the motion. Carr then entered a conditional guilty plea reserving the right to challenge on appeal the district court's denial of his motion.

## DISCUSSION

**[1]** We review de novo whether a prior conviction may serve as a predicate offense for a felon-in-possession charge. *United States v. Simpson*, 442 F.3d 737, 738 (9th Cir. 2006) (per curiam). Carr's indictment for violating § 922(g)(1) cannot stand unless Carr "has [previously] been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The term by which a crime is "punishable" is determined by the statutory maximum punishment, not the actual term imposed or served. *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005). The phrase "crime punishable by imprisonment for a term exceeding one year" has been further defined not to include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). "What constitutes a conviction of [a qualifying] crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(a)(20).

**[2]** Under Washington law, it is ordinarily a gross misdemeanor to violate a court-issued protection order. *Id.* § 26.50.110(1). Gross misdemeanors are punishable "by imprisonment . . . for a maximum term . . . of not more than one year." *Id.* § 9A.20.020(2). If, however, the offender has two or more previous convictions for violating a protection order, the offense becomes a class C felony, *Id.* § 26.50.110(5), which is punishable "by imprisonment . . . for a maximum term of not more than five years," Wash. Rev. Code § 9A.20.020(1)(c). On the face of this statute, then, Carr's predicate offense was sufficient to sustain his felon-in-possession conviction, because he pleaded guilty to a felony with a statutory maximum sentence of five years.

Carr contends, however, that we must regard his conviction under this statute as the equivalent of a gross misdemeanor with a sentencing enhancement for recidivism that we may

not take into account. He relies principally on *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n.4 (2002). In *Corona-Sanchez*, we addressed a federal sentencing enhancement applicable to an alien convicted of unlawfully reentering the United States after deportation. *Id.* at 1202. The issue was whether Corona-Sanchez's prior California theft conviction, which became punishable for more than one year only by operation of a state recidivist sentencing statute, met the federal definition of "aggravated felony." *Id.* at 1203. We held that, "under the categorical approach, we must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements." *Id.* at 1209. Because Corona-Sanchez's theft conviction carried a maximum sentence of only six months without the recidivist sentencing enhancements, it did not qualify as an "aggravated felony" and could not be used to increase the maximum sentence for Corona-Sanchez's unlawful reentry. *Id.* at 1210-11.

Since *Corona-Sanchez*, our sentencing cases have often adopted the distinction between a "core offense" and "sentence enhancements" to determine whether defendants' prior state convictions count as "felonies," "aggravated felonies" or "serious drug offenses" under federal law, so as to increase the applicable guideline ranges and statutory terms of imprisonment. *See, e.g., United States v. Pimentel-Flores*, 339 F.3d 959, 967-69 (9th Cir. 2003) (applying the logic of *Corona-Sanchez* to "the determination of whether a defendant's prior offense was a 'felony'" within the federal meaning of "felony" in U.S.S.G. § 2L1.2(b)(1)(A)); *United States v. Rodriquez*, 464 F.3d 1072, 1079-82 (9th Cir. 2006) (state conviction for drug offense that carried a statutory maximum of five years, but had been elevated to ten years because of defendant's prior drug offenses, did not count as a "serious drug offense" for enhancement purposes under the Armed Career Criminal Act), *cert. granted*, 128 S. Ct. 33 (2007).

These cases, however, are fundamentally distinguishable from Carr's because they apply entirely different statutes for the different purpose of federal sentence enhancements. They follow the categorical approach adopted by the Supreme Court for determining whether a given state crime proscribes conduct that fits the *federal* definition of a sentence-enhancing crime. *See Taylor v. United States*, 495 U.S. 575, 588-89 (1990). That approach is intended to ascertain what crimes met the federal definitions "regardless of how they were labeled by state law." *Id.* at 589; *see also Corona-Sanchez*, 291 F.3d at 1210 (agreeing with sister circuits that "it is irrelevant whether the state labels the underlying crime 'misdemeanor' or 'felony' ").

The felon-in-possession statute under which Carr was convicted operates on entirely different, and indeed almost opposite, premises. Far from insisting upon federal categorizations of state crimes, the applicable interpretative provision for § 922(g)(1) makes it clear that "[w]hat constitutes a conviction of [a qualifying] crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). The statute further provides an exception for "any State offense *classified by the laws of the State as a misdemeanor* and punishable by a term of imprisonment of two years or less." *Id.* § 921(a)(20)(B) (emphasis added). Thus, we must look to Washington law to determine whether Carr was convicted of a "crime punishable by imprisonment for a term exceeding one year." *Id.* § 922(g)(1).

**[3]** We have little doubt that Washington considers Felony Violation of Protection Order under Washington Revised Code § 26.50.110(5) to be a crime defined by elements different from those of Misdemeanor Violation of Protection Order under Washington Revised Code § 26.50.110(1). "As set forth in the statute, the prior convictions function as an *element* of the felony violation of a no contact order." *State v. Oster*, 52 P.3d 26, 28 (Wash. 2002) (emphasis added).[1] The prior con-

---

[1] The decision of the Court of Appeals of Washington in *State v. Davis* is not to the contrary. *See* 64 P.3d 661 (Wash. Ct. App. 2003), *aff'd*, 111

victions must be found by the jury beyond a reasonable doubt. *Id.* No such element or requirement exists for Misdemeanor Violation of Protection Order.

**[4]** We conclude, therefore, that Washington regards Carr's conviction, by its elements, as a felony and not as a misdemeanor. By pleading guilty to Washington Revised Code § 26.50.110(5), Carr did not simply admit the misdemeanor elements of section 26.50.110(1) and consign himself to the possibility that the sentencing judge might "elevate" his sentence to a felony level; he actually pleaded guilty to all the elements of section 26.50.110(5) and, under Washington law, consigned himself to the certainty of a felony conviction punishable by imprisonment for up to five years. *See* Wash. Rev. Code § 26.50.110(5); *id.* § 9A.20.020(1)(c). In other words, the "elevation" of Carr's offense from gross misdemeanor to felony was consummated before sentencing proceedings even began: the felony designation and the potential imprisonment for up to five years resulted directly from the conviction of a crime with a distinctive felony element, not from the sentencing proceedings. Accordingly, Carr's conviction satisfies all the requirements of § 922(g)(1).

**[5]** Carr offers an additional argument based on the enactment of the Lautenberg Amendment to the Gun Control Act in 1996. The Lautenberg Amendment added sections to the felon-in-possession statute to make it apply to individuals who are subject to protection orders that comply with certain procedural requirements or who have been convicted of mis-

---

P.3d 844 (Wash. 2005), *aff'd*, 126 S. Ct. 2266 (2006). In *Davis*, the state court did observe that "[u]nlike most crimes, felony violation of a no-contact order is not a separate, distinct crime. Rather, the statute defines a misdemeanor crime and then enumerates the grounds on which the crime is elevated to a felony." *Id.* at 668 (footnote omitted). The court nevertheless held that the aggravating fact causing the violation to become a felony constituted an element of the felony that must be found by the jury beyond a reasonable doubt. *Id.*

demeanor crimes of domestic violence. 18 U.S.C. § 922(g)(8)-(9). According to Carr, the passage of the Lautenberg Amendment in 1996 manifests Congress' understanding that a person subject to a "no contact" order was not covered by the general prohibition in § 922(g)(1).

**[6]** We reject this argument. Section 922(g)(1) prohibits possession of a firearm by a person convicted of a crime punishable by more than one year in prison. Prior to the Lautenberg Amendment, there was no reason to read into § 922(g)(1) an unstated exception for crimes involving violation of a protection order. Nor is there any reason to assume that Congress intended to narrow subsection (g)(1) when it passed the Lautenberg Amendment. Carr was charged under subsection (g)(1) as a person who had been convicted of a crime punishable by imprisonment for more than one year. He met the requirements of that subsection. The fact that he may or may not have been in violation of subsections (g)(8) or (g)(9), added by the Lautenberg Amendment, has no effect on the validity of the charge against him under subsection (g)(1).

**[7]** Finally, Carr argues that any statutory ambiguity should be resolved in his favor by operation of the rule of lenity. It is well established that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Rewis v. United States*, 401 U.S. 808, 812 (1971). The ambiguity, however, must be genuine. *See, e.g., Perrin v. United States*, 444 U.S. 37, 49 n.13 (1979). Lenity, "which is rooted in considerations of notice," *United States v. Romm*, 455 F.3d 990, 1001 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 1024 (2007), may not be used "in complete disregard of the purpose of the legislature," *Scarborough v. United States*, 431 U.S. 563, 577 (1977), to "dictate an implausible interpretation of a statute" or "one at odds with the generally accepted contemporary meaning of a term," *Taylor*, 495 U.S. at 596. Contrary to Carr's suggestion, the prohibition on gun possession sanctioned in § 922(g)(1) is neither ambiguous nor lacking in notice: it plainly prohibits anyone "who has been convicted in

any court of . . . a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. As the state "Felony Judgment and Sentence" clearly demonstrates, Carr voluntarily pleaded guilty to and was convicted of an offense that he knew was a felony punishable by imprisonment for up to five years. The rule of lenity does not apply.[2]

## CONCLUSION

The judgment of the district court is

**AFFIRMED.**

---

[2]Carr also argues that, after *Blakely v. Washington*, 542 U.S. 296 (2004), the determination whether a crime is "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), must focus not on the potential maximum sentence authorized by the statute, but rather on the maximum sentence under the state's mandatory guidelines. As Carr candidly acknowledges, we conclusively rejected this argument in *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005), and are not at liberty to revisit the issue here.