**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-10270 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:18-CR-00040 HSG |
| WALLACE GILMORE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Junior, District Judge, Presiding

Submitted October 8, 2021**
San Francisco, California

Before:  FRIEDLAND and HAWKINS, Circuit Judges, and MCSHANE,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*      The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Wallace Gilmore appeals his conviction following a bench trial on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Gilmore's first assignment of error is that his prior conviction for Possession of Marijuana for Sale under section 11359 of the California Health and Safety Code was no longer a predicate felony when he possessed a firearm. While California's Proposition 64 reclassified many marijuana offenses, individuals with prior felony convictions, like Gilmore, needed to petition to have them reclassified as misdemeanors. Cal. Health & Safety Code § 11361.8(e); *People v. Rascon*, 216 Cal. Rptr. 3d. 385, 392–93 (Ct. App. 2017). Gilmore never petitioned to reclassify his conviction until after his arrest with a firearm. Because California still considered Gilmore a felon at the time of his arrest, his marijuana conviction still counted as a predicate offense under 18 U.S.C. § 922(g). *See United States v. Carr*, 513 F.3d 1164, 1168 (9th Cir. 2008).

Gilmore's next assignment of error is that under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the government failed to meet its burden of proving that Gilmore was aware of his felony status at the time of his arrest with a firearm. But in *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021), the Court clarified that unpreserved *Rehaif* claims—even in proceedings that took place prior to the *Rehaif* decision—are reviewed under a plain-error standard. At his bench trial and again at his

2

sentencing, Gilmore stipulated that when he was convicted of violating section 11359(b) of the California Health and Safety Code, it was classified as a felony punishable by a term of imprisonment exceeding one year. Gilmore also acknowledged at his change-of-plea hearing in 2009 that he was pleading guilty to a felony. So, like the defendants in *Greer*, Gilmore cannot prove with "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer*, 141 S. Ct. at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018); *see also id.* at 2098 ("[D]emonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)))).

**AFFIRMED**.