# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE L. JENNINGS; B.L. JENNINGS,
INC.,

          *Plaintiffs-Appellants,*

          v.

MICHAEL MUKASEY;* U.S.
DEPARTMENT OF JUSTICE; BUREAU OF
ALCOHOL, TABACCO AND FIREARMS;
MARY B. LERCH, Director of
Industry Operations DOJ/BATF,

          *Defendants-Appellees.*

No. 05-16869

D.C. No.
CV-03-00284-LRH

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted
October 16, 2007—San Francisco, California

Filed December 20, 2007

Before: Arthur L. Alarcón, David R. Thompson, and
Richard C. Tallman, Circuit Judges.

Opinion by Senior Judge Thompson

---

*Michael Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

16567

## COUNSEL

James C. Sabalos, Newport Beach, California, for the appellants.

Greg Addington, Assistant United States Attorney, Reno, Nevada, for the appellees.

---

## OPINION

THOMPSON, Senior Circuit Judge:

The Bureau of Alcohol, Tobacco, and Firearms ("ATF") denied the petitioners-appellants Bruce L. Jennings' ("Jennings") and B.L. Jennings, Inc.'s ("B.L. Jennings") application for renewal of B.L. Jennings' federal firearms license ("FFL"). The ATF denied the renewal application because Jennings had been convicted in California of a misdemeanor crime of domestic violence ("MCDV"); in addition, Jennings had failed to disclose that conviction on the license renewal questionnaire.

Jennings did not disclose his MCDV conviction because, he argues, it was "expunged" by a 1999 expungement order granted under California law. Jennings contends this "expungement" wiped out the conviction and the ATF was thereby precluded from using it, or his failure to disclose it, to deny the FFL renewal application. The district court disagreed and upheld the ATF's action.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court. The "expungement" provided under California law did not eliminate the MCDV conviction, and the ATF properly relied on it to deny B.L. Jennings' FFL renewal application.

## I.   BACKGROUND

On or about April 9, 1985, Jennings was charged in San Bernardino County, California with assault by means likely to produce great bodily injury in violation of California Penal

Code section 245(a). The information alleged that Jennings inflicted great bodily injury on his former wife. On October 17, 1985, as part of a plea agreement, Jennings pled *nolo contendere* to a misdemeanor violation of California Penal Code section 245(a), assault with force likely to produce great bodily injury.[1] Jennings was sentenced to 90 days in jail and 24 months supervised probation.

In 1996, Congress amended the Gun Control Act ("GCA"), making it unlawful for any person convicted of an MCDV to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(9). The ATF is required to deny a federal firearm license to anyone subject to the prohibitions of 18 U.S.C. § 922(g)(9), or to any company controlled by such a person. 18 U.S.C. § 923(d)(1)(B).

On or about April 1, 1998, B.L. Jennings filed a Renewal of Firearms License application as a Dealer in Firearms Other Than Destructive Devices. As part of the application, Jennings, owner and president of B.L. Jennings, executed ATF Form 8, Part II, "Renewal Questionnaire." Question 11 asked:

> Have you ever been convicted in any court of a[n] [MCDV]? This includes any misdemeanor conviction involving the use or attempted use of physical force committed by a current or former spouse, parent, or guardian of the victim or by a person with a similar relationship with the victim.

Jennings checked "no" in response to this question. He signed the questionnaire, certifying that the statements contained therein were true and correct.

---

[1]Under California law, a plea of *nolo contendere* is "the same as a plea of guilty and upon a plea of *nolo contendere*, the court shall find the defendant guilty." Cal. Penal Code § 1016.

On June 23, 1999, ATF issued a Notice of Revocation of License, ATF Form 4500, advising B.L. Jennings that ATF was revoking its FFL because (1) Jennings, as a responsible party for B.L. Jennings, was a person prohibited from possessing firearms under 18 U.S.C. § 922(g)(9); and (2) Jennings falsely stated on an application to renew the FFL that he had never been convicted of an MCDV.

On September 23, 1999, the Superior Court of California, County of San Bernardino, issued an "Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987." That order granted Jennings relief under California Penal Code section 1203.4, replaced his *nolo contendere* plea with a "not guilty" plea and dismissed the case against him. The California court's order, however, required Jennings "to disclose the fact of this misdemeanor conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State lottery."

On June 22, 2001, B.L. Jennings filed a Renewal of Firearms License application, listing Bruce L. Jennings as sole shareholder and manager of litigation for B.L. Jennings. An administrative hearing was held, and on March 25, 2003, the ATF issued a Final Notice of Denial of Application or Revocation, revoking B.L. Jennings' FFL. The ATF found that Jennings, who was the responsible person for B.L. Jennings, (1) was prohibited under 18 U.S.C. § 922(9)(g) from transporting, shipping, receiving or possessing firearms, and (2) violated 18 U.S.C. § 924(a)(1)(A) by responding falsely to question 11 on the application to renew B.L. Jennings' FFL.

Jennings then filed a petition with the district court for the District of Nevada seeking to overturn the ATF's decision. On July 25, 2005, after *de novo* review, the district court affirmed the ATF's revocation of B.L. Jennings' FFL, and this appeal followed.

## II. STANDARD OF REVIEW

Our review of a district court's interpretation of the Gun Control Act is de novo. *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir. 1991). We review de novo whether a prior conviction may be used as a predicate offense under that Act. *United States v. Laskie*, 258 F.3d 1047, 1049 (9th Cir. 2001). An agency's interpretation or application of a statute is a question of law reviewed de novo. *Schneider v. Chertoff*, 450 F.3d 944, 952 (9th Cir. 2006). In the context of a decision by the ATF to revoke a firearms license, we "review freely questions of law." *Perri v. Dep't of Treasury*, 637 F.2d 1332, 1336 (9th Cir. 1981). Factual findings will not be disturbed unless "clearly erroneous." *Id.* at 1335.

In reviewing the district court's decision, we may affirm on any ground supported by the record. *Smith v. Block*, 784 F.2d 993, 996 n. 4 (9th Cir. 1986).

## III. DISCUSSION

### A. *Expungement*

**[1]** The parties do not dispute that Jennings had a previous MCDV conviction. Persons who have had MCDV convictions are prohibited by 18 U.S.C. § 922(g)(9) from, among other things, transporting, shipping, possessing, or receiving firearms. Persons so prohibited and the companies they have the power to direct or control do not qualify for an FFL. 18 U.S.C. § 923(d)(1)(B).

**[2]** The parties disagree as to whether Jennings' MCDV conviction has been "expunged." Jennings maintains his conviction was indeed "expunged" and, therefore, B.L. Jennings is not prohibited from having an FFL. For purposes of 18 U.S.C. § 922(g)(9), a person shall not be considered to have been convicted of an MCDV if

the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(33)(B)(ii).

The government contends that Jennings did not receive an "expungement" as that term is used in 18 U.S.C. § 921(a)(33)(B)(ii), regardless of whether or not he obtained relief under California Penal Code section 1203.4 or section 1203.4a.

### 1.   Section 1203.4

The September 23, 1999 State court "Order Expunging [Jennings' MCDV] Conviction *Nunc Pro Tunc* to October 18, 1987" states that "the petitioner is eligible for relief as provided in California Penal Code Section 1203.4." Section 1203.4, however, does not provide the extent of relief Jennings contends he received.

Although "a number of courts have used forms of the word 'expunge' to describe the relief" under section 1203.4, "the statute does not in fact produce such a dramatic result." *People v. Frawley*, 82 Cal. App. 4th 784, 790-91 (Cal. Ct. App. 2000) (citations omitted). In *Frawley*, the defendant sustained a felony conviction in the early 1990s. That conviction was dismissed under section 1203.4 in August 1997. In 1999, Frawley was charged with, among other things, possession of ammunition and a firearm by an ex-felon. *Id.* at 787. Frawley moved to dismiss on the ground that his prior conviction had been expunged under section 1203.4. The California Court of Appeals rejected that argument:

Section 1203.4 does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense." The limitations on this relief are numerous and substantial, including other statutes declaring that an order under 1203.4 is ineffectual to avoid specified consequences of a prior conviction. Furthermore, by the statute's own terms, an order under section 1203.4 "does not relieve" the ex-offender of "the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office [or] for licensure by any state or local agency . . . ." (§ 1203.4, subd. (a).)

Indeed, section 1203.4 contains a sweeping limitation on the relief it offers, stating that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." This provision alone precludes any notion that the term "expungement" accurately describes the relief allowed by the statute.

*Id*. at 791-92 (citations omitted; alterations in original); *see also United States v. Hayden*, 255 F.3d 768, 771 (9th Cir. 2001) (defining expunge as " 'to erase or [to] destroy,' and an 'expungement of record' [as] '[t]he removal of a conviction . . . from a person's criminal record' " and holding California Penal Code section 1203.4 does not meet definition of expungement for purposes of Federal Sentencing Guidelines) (first and third alterations in original) (quoting BLACK'S LAW DICTIONARY 603 (7th ed. 1999)).

We analyzed the effect of section 1203.4 relief in the GCA context in *United States v. Andrino*, 497 F.2d 1103 (9th Cir.

1974). There, Andrino had received section 1203.4 relief for a felony conviction in California. *Id.* at 1106. After his section 1203.4 relief, Andrino bought firearms in Arizona and certified on Firearms Transaction Records that he had not been convicted of any crime punishable by a term of imprisonment exceeding one year. Thereafter, Andrino was charged with making a false statement in connection with the purchase of firearms. *Id.* at 1105.

**[3]** Andrino argued that he had been relieved from his prior conviction under section 1203.4. *Id.* at 1106. After examining California law and noting that California's legislature had amended section 1203.4 to provide that a dismissal under that section did not permit a person to possess a firearm, we rejected Andrino's argument. *Id.* at 1107. We stated, "the California legislature, by specific enactment, has negated the very theory under California law by which Andrino seeks to demonstrate the absence" of his underlying conviction. *Id.* Accordingly, we held that Andrino remained convicted for GCA purposes even though he had received relief under section 1203.4. *Id.*; *accord United States v. Tankersley*, 269 F. Supp. 2d 1178, 1188 (D. Neb. 2003) (stating that "even had defendant sought and obtained a withdrawal of guilty plea and a section 1203.4 dismissal of her 1998 burglary conviction, the 1998 burglary remains a prior felony which may be pleaded and proved" for purposes of 18 U.S.C. § 922(g)(1)).

**[4]** In the present case, as in *Andrino*, although Jennings obtained relief under section 1203.4 by the 1999 State court order, that relief did not expunge his conviction for purposes of 18 U.S.C. § 922(g)(9).

## 2.   *Section 1203.4a*

Despite the fact that the 1999 court order provides that section 1203.4 was the basis for Jennings' relief, Jennings contends he actually received relief under section 1203.4a. As the district court stated, however, "they have failed to present any

evidence that Petitioners sought relief under § 1203.4a as opposed to § 1203.4(a)." Indeed, in the 1999 order, the Superior Court in San Bernardino county granted relief to Jennings under subsection (a) of section 1203.4. For simplicity purposes, we refer to section 1203.4 instead of its subsection 1203.4(a). Relief was not granted under section 1203.4a.

Nevertheless, during the pendency of this appeal, on December 8, 2005, Jennings filed in the Superior Court of California, County of San Bernardino, a "[Proposed] Notice of Motion and Motion to Correct Typographical Error in Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987." Jennings also filed a supporting Memorandum of Points and Authorities, his declaration, and a "[Proposed] Corrected Order Expunging Conviction *Nunc Pro Tunc* to October 18, 1987." Jennings' December 8, 2005 motion and supporting documents claimed that the September 23, 1999 order granting Jennings' request for relief under California Penal Code section 1203.4 contained a "typographical error" and that the 1999 order should have granted relief under section 1203.4a. The San Bernardino County Superior Court granted this request and issued an order in December 2005 that replaces references to section 1203.4 in the 1999 order with references to section 1203.4a.

Jennings then moved this court, on or about December 29, 2005, to supplement the record in this appeal with the December 2005 State court order, take judicial notice of that order, amend the briefing schedule, and allow him to file an amended opening brief and supplemental excerpt of record. The appellees filed their response on January 11, 2006, opposing the motion.

**[5]** We deny Jennings' motion. The December 2005 State court order is not relevant to this judicial proceeding, which is a review of the district court's affirmance of the ATF's March 2003 final decision to revoke Jennings' firearm license. The general rule is "that agency actions are to be

judged on the agency record alone, without discovery." *Public Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Although certain circumstances warrant supplementation, none is applicable here. *Id.* at 793-94 (stating that a court is justified in expanding the record of an agency when it is necessary to explain administrative action, when the agency has relied upon documents or materials not in the record, when supplementation is necessary to explain technical terms, or when a claim of agency bad faith is made). Although Jennings may wish to file a new application for an FFL and argue the significance of the December 2005 order, he may not use in this appeal the December 2005 order to challenge the validity of the agency's March 2003 decision.[2]

### 3.   *Laskie's "anti-mousetrapping" rule*

**[6]** Jennings also argues he is not a convicted person under 18 U.S.C. § 921(a)(33)(B)(ii) because the 1999 State court expungement order does not specifically limit his ability to possess firearms. In this way, Jennings attempts to align himself with the defendant in *United States v. Laskie*, 258 F.3d 1047 (9th Cir. 2001). In *Laskie*, however, the defendant was subject to a broader "Discharge Order" and a different statutory scheme. *Id.* at 1049-50. Laskie's "Discharge Order" expressly purported to restore all of his civil rights. *Id.* at 1049. Because of this, the *Laskie* Court applied "an anti-mousetrapping rule. If the state sends the felon a piece of paper implying that he is no longer 'convicted' and that *all*

---

[2]Moreover, it appears that by the December 2005 order Jennings may have obtained relief to which he is not entitled. For example, Jennings represented to the Superior Court, "There is no explanation other than a typographical error which would explain the entry of relief under Section 1203.4(a) rather than 1203.4a." This is not the case. In fact, section 1203.4 is precisely the relief Jennings requested and appears to be the only relief for which Jennings was eligible. Section 1203.4a applies to a "*nonprobationed* misdemeanant." (emphasis added). Jennings was on probation for two years. As a result, it seems likely Jennings could not have received relief under section 1203.4a.

civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution." *Id.* at 1049-50. By contrast, Jennings' 1999 expungement order is much narrower and does not purport to restore his civil rights. In fact, it is qualified and notes that he must disclose his conviction in certain circumstances. Accordingly, unlike Laskie, he has not been "released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." *Id.* at 1050.

In addition, the Nevada statute under which Laskie was granted relief served to "set aside" Laskie's judgment of conviction, which the Nevada Supreme Court analogized to the "pardon power." *Id.* (quoting *Creps v. State*, 581 P.2d 842, 846 n. 5 (Nev. 1978)). California Penal Code sections 1203.4 and 1203.4a, on the other hand, do not provide such broad relief. Indeed, they specifically provide that a conviction such as Jennings received may be used in any subsequent prosecution and that persons may still be prosecuted under State firearms laws. Because of this, Jennings was not "mousetrapped" as was Laskie, and he cannot take advantage of *Laskie*'s anti-mousetrapping rule.

*B.   18 U.S.C. § 924(a)*

**[7]** Jennings' final argument is that the district court erred when it refused to determine whether he violated 18 U.S.C. § 924(a) by failing to disclose his conviction in the 1998 FFL renewal application. We disagree. Because the district court had already determined that Jennings was prohibited from possessing firearms by 18 U.S.C. § 922(g)(9), there was no reason to determine whether Jennings made a false statement regarding his conviction.

**AFFIRMED**.