**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE EVAN BAKER, | No. 11-55067 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03996-SVW-AJW |
| v. | |
| ERIC H. HOLDER, Jr., in his official capacity as Attorney General of the United States, | MEMORANDUM[*] |
| Defendant - Appellee., | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Eugene Baker appeals from the district court's order dismissing his

complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). We affirm

in part, reverse in part, and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court dismissed the complaint without prejudice under Rule 12(b)(1), concluding that Baker's complaint fails to state facts sufficient to present a "case or controversy" under Article III, § 2 of the Constitution. At the outset, we note a disparity between the complaint as filed on the district court's electronic docket and the complaint as it appears in Baker's excerpts of record. The complaint found in the electronic docket consists of only the first and last pages of the complaint in Baker's excerpts. It is not clear from the record whether the district court had the opportunity to review the complaint in its entirety. The two pages of the complaint available on the electronic docket clearly fail to assert facts sufficient to satisfy the justiciability requirements of Article III, as they do not allege that Baker has taken any steps to acquire a firearm. It is unclear whether the full complaint is adequate.

It is apparent, however, that Baker is capable of amending his complaint to include additional facts that would confer standing. In his opposition to the motion to dismiss, Baker attached a letter from the California Department of Justice ("CA DOJ") informing him that his application to purchase a firearm had been denied because his prior conviction for a misdemeanor crime of domestic violence barred him from purchasing or possessing firearms under federal law. Baker also attached a letter sent by the CA DOJ to a firearms dealer, ordering the dealer not to release

2

firearms to Baker. These facts, if alleged in the complaint, are sufficient to confer standing, as the government conceded at oral argument. Therefore, the district court properly granted the 12(b)(1) motion without prejudice, and, upon remand, Baker should be allowed to amend his complaint to allege the additional jurisdictional facts. *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").

The district court erred by dismissing the complaint with prejudice under Rule 12(b)(6) for failure to state a claim. Baker's complaint sets forth both a statutory and a constitutional argument as to the invalidity of applying the prohibition in 18 U.S.C. § 922(g)(9) to him. Although *Jennings v. Mukasey*, 511 F.3d 894, 898-99 (9th Cir. 2007), forecloses Baker's statutory argument that his state court order purporting to "set aside" his misdemeanor domestic violence conviction renders § 922(g)(9) inapplicable, *Jennings* does not foreclose Baker's Second Amendment argument. *Jennings* was decided before the Supreme Court announced that the Second Amendment "conferred an individual right to keep and bear arms." *Dist. of Columbia v. Heller*, 128 S. Ct. 2783, 2799 (2008). The *Jennings* decision did not address the question of whether § 922(g)(9) violates the

Second Amendment, and therefore does not control Baker's Second Amendment claim.

We therefore affirm the Rule 12(b)(1) dismissal without prejudice, reverse the Rule 12(b)(6) dismissal, and remand with leave to amend the complaint.

Each party shall bear its own costs on appeal.

**AFFIRMED** in part; **REVERSED** in part; **REMANDED**.