NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230397-U

NO. 4-23-0397

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 5, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| NEIL RIEFF, | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| THE ILLINOIS STATE POLICE, | ) | No. 22MR182 |
|     Intervenor-Appellant, | ) | |
|     and | ) | |
| THE WINNEBAGO COUNTY STATE'S | ) | Honorable |
| ATTORNEY'S OFFICE, | ) | Ronald A. Barch, |
|     Respondent. | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Turner and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed the circuit court's order issuing petitioner a Firearm Owner's Identification (FOID) card, concluding petitioner's Oklahoma expungement order had not expunged his felony convictions for purposes of the FOID Card Act (430 ILCS 65/10 (West 2022)).

¶ 2    On April 4, 2023, the circuit court entered an order for the Illinois State Police (ISP) to issue petitioner, Neil Rieff, a Firearm Owner's Identification (FOID) card. On appeal, ISP argues the court erred in entering that order where Rieff's expungement order from Oklahoma had not expunged his felony convictions within the meaning of "expunged" as used in section 921 of Title 18 of the United States Code (18 U.S.C. § 921 (2018)) and is therefore contrary to federal law pursuant to the FOID Card Act (430 ILCS 65/10 (West 2022)). We reverse the court's order.

¶ 3                      I. BACKGROUND

¶ 4     On April 24, 2021, Rieff filed an application for a FOID card with ISP. On April 29, 2021, ISP denied Rieff's application on the basis that he had disqualifying felony convictions in Illinois and Oklahoma. On May 18, 2021, Rieff filed a petition for administrative review with ISP challenging its denial. The matter remained stagnant thereafter in the administrative review process. On May 17, 2022, Rieff filed a petition in the circuit court of Winnebago County seeking relief from ISP's denial of his FOID card application.

¶ 5     Rieff sought relief by arguing his Illinois Class 4 felony conviction for possession with intent to deliver—a conditional discharge disposition from March 16, 2004—had eclipsed 10 years and his Oklahoma felony convictions were expunged on November 17, 2020.

¶ 6     In July 2022, ISP petitioned to intervene as a matter of right, which was granted by the circuit court. ISP subsequently filed a motion to dismiss Rieff's petition pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). In its motion, ISP argued (1) Rieff had failed to show his felony convictions from Oklahoma were sufficiently expunged in accordance with federal law to allow an order issuing him a FOID card and (2) the court lacked subject matter jurisdiction because Rieff had failed to exhaust his administrative remedies.

¶ 7     The circuit court denied ISP's motion, finding Rieff's expungement under Oklahoma state law removed his disqualification from obtaining a FOID card under federal law and ISP's administrative inaction and lack of statutory or regulatory deadline to decide Rieff's appeal made his requirement to exhaust his administrative remedies futile. The matter was set for an evidentiary hearing and the director of ISP was given until February 21, 2023, to issue a final decision on Rieff's administrative appeal.

¶ 8        The record contains Rieff's order of expungement filed on November 19, 2020, in the district court of Oklahoma County, Oklahoma, which states in relevant part:

> "2. Petitioner is eligible for an expungement of the records associated with his arrests/bookings on August 16, 2009 and March 17, 2010 and Oklahoma County District Court case number CF-2010-1402, in accordance with Section 18 of Title 22 of the Oklahoma Statutes, and a presumption of harm to Petitioner's privacy thus exists.
>
> 3. The harm and dangers of unwarranted adverse consequences upon the Petitioner outweigh the public interest in the agencies [*sic*] retention of said records.
>
> 4. The court and arrest records associated with his arrests/bookings on August 16, 2009 and March 17, 2010 and Oklahoma County District Court case number CF-2010-1402 should be expunged in accordance with Sections 18 and 19 of Title 22 of the Oklahoma Statutes.
>
> 5. For purposes of this Order, 'expungement' shall mean the sealing of criminal and arrest records."

¶ 9        ISP's business records show that in July 2022, a background check revealed Rieff's felony convictions for driving under the influence involving great bodily injury and possession of a controlled substance.

¶ 10        At the conclusion of the evidentiary hearing, the circuit court found Rieff's Oklahoma felony convictions no longer served as a federal prohibitor. The court noted the Oklahoma expungement order stated Rieff's convictions were both expunged and sealed, not merely sealed. The court referenced an Oklahoma statute that sealed or automatically expunged

records "shall be deemed to never have occurred." See Okla. Stat. tit. 22, § 19(G) (West 2022). However, the court also observed that the Oklahoma expungement statute permits expunged convictions to be used in subsequent prosecutions. The court found Rieff's expungement order was not contrary to federal law.

¶ 11        Following the evidentiary hearing, the circuit court made the following written findings:

"a. That more than twenty years have passed since the Petitioner's 2000 Winnebago County felony conviction, and its accompanying term of probation, and that the Petitioner has no forcible felony convictions.

b. The circumstances regarding Petitioner's criminal conviction, the Petitioner's criminal history and his reputation are such that the Petitioner will not be likely to act in a manner dangerous to public safety.

c. The granting of Petitioner's Petition would not be contrary to the public interest.

d. Granting relief to the Petitioner would not be contrary to Federal Law insofar as the Court has made the requisite findings under the Illinois Supreme Court's decision in *Evans v. Cook County State's Attorney*, 2021 IL 125513."

¶ 12        The circuit court granted Rieff's petition and ordered ISP to issue him a FOID card. The court subsequently granted ISP's motion to stay enforcement of its order until April 4, 2023.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

- 4 -

¶ 15         We begin by noting Rieff did not file a brief in this matter. In *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009), we explained a reviewing court may exercise three discretionary options in the absence of an appellee's brief:

> "(1) [a reviewing court] may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) it may decide the merits of the case if the record is simple and the issues can be easily decide without the aid of the appellee's brief, or (3) it may reverse the circuit court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record." (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

¶ 16         For the reasons that follow, we find ISP's brief demonstrates a *prima facie* reversible error occurred that is supported by the record. In *Thomas*, this court explained "*prima facie*" means " [a]t first sight; on first appearance but subject to further evidence or information" and "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted." (Internal quotation marks omitted.) *Id.*

¶ 17         ISP argues the circuit court erred in granting Rieff's petition because he failed to show his Oklahoma felony convictions had been expunged within the meaning of section 921 (18 U.S.C. § 921(2018)), and thereby it was contrary to federal law pursuant to the FOID Card Act. 430 ILCS 65/10(c)(4) (West 2022).

¶ 18         When reviewing the granting of a petition for a FOID card and whether it would be contrary to federal law, the question is a matter of statutory interpretation. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. In *Evans*, our supreme court instructed:

"The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. All other canons and rules of statutory construction are subordinate to this principle. [Citation.] The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. [Citation.] *** The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. [Citation.] Statutes must be construed to avoid absurd or unjust results. [Citation.] When a plain or literal reading of a statute leads to absurd results or results that legislature could not have intended, courts are not bound to that construction, and the literal reading should yield. [Citation.] Issues requiring statutory interpretation are questions of law subject to *de novo* review. [Citation.]" *Id.*

¶ 19       Since Rieff's application and subsequent petition in the circuit court, the FOID Card Act has undergone various revisions by public act. However, at the time of Rieff's application, denial, and subsequent petition to the court, the version of section 10 of the FOID Card Act in effect provided that the court may grant relief ordering the issuance of a FOID card where "granting relief would not be contrary to federal law." 410 ILCS 65/10(c)(4) (West 2022).

¶ 20       The federal law at issue states:

"(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

* * *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1) (West 2022).

Federal law goes on to state:

"The term 'crime punishable by imprisonment for a term exceeding one year' does not include—

(A) any Federal or State offense pertaining to antitrust violations, unfair trade practices, restraint of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(20)(A)-(B) (West 2022).

¶ 21 Therefore, our task is to determine whether (1) Rieff's Oklahoma convictions qualified as a crime punishable by imprisonment for a term exceeding one year and (2) if the answer to (1) is yes, then have Rieff's convictions been expunged, set aside, pardoned, or has he had his civil rights restored.

¶ 22       First, the record shows that Rieff's Oklahoma felony convictions for possession of a controlled substance on March 17, 2010, and driving under the influence with great bodily injury on September 24, 2010, both received five-year suspended prison sentences upon Rieff's guilty pleas, respectively. Although the sentences were suspended, nothing in the record contradicts they were both convictions and punishable for a term exceeding one year. Therefore, we can proceed to determine whether Rieff's convictions were expunged, set aside, pardoned, or if he otherwise had his civil rights restored. Rieff contended, in his petition to the circuit court, that his convictions were expunged, so we need only address whether Rieff's expungement was sufficient to meet the meaning of "expunged" under federal law.

¶ 23       The federal law at issue does not define the meaning of expunged, therefore "it is appropriate to employ a dictionary to ascertain the meaning of an otherwise undefined word or phrase." *Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 20. The definition of expunge is "[t]o remove from a record, list, or book; to erase or destroy." Black's Law Dictionary (11th ed. 2019).

¶ 24       ISP contends Rieff's order of expungement is not sufficient because it merely sealed his criminal records and did not remove the federal prohibitor. ISP cites to several cases from other jurisdictions to argue Rieff's order of expungement does not amount to "expunged" within the meaning of section 921 (18 U.S.C. § 921 (2018)).

¶ 25       In *Barr v. Snohomish County Sheriff*, 193 Wash. 2d 330, ¶¶ 21-23 (Wash. 2019), the Washington Supreme Court distinguished a sealed record from a fully expunged record. The court in *Barr* noted a sealed record "merely hides a record from the view of the general public," whereas for a full expungement, the records are destroyed or no longer exist. *Id.* ¶ 22. The court noted the Washington State Patrol was able to access qualifying convictions for a federal

prohibitor through a law enforcement electronic database despite the records being sealed. *Id.* ¶ 23.

¶ 26        In *Wyoming ex rel. Crank v. United States*, 539 F.3d 1236 (10th Cir. 2008), the Tenth Circuit interpreted "expunge" to have the plain meaning of " 'erase or destroy.' " *Id.* at 1245 (quoting Black's Law Dictionary (4th ed. 2004)). Within the context of section 921 (18 U.S.C. § 921(a)(33) (2018)), the court in *Crank* found "expunge" to "require a complete removal of the effects of a conviction." *Id. Crank* also cited to a Ninth Circuit decision finding that an expunged conviction that could still be used in future prosecutions did not meet the meaning of expunged for the purposes of section 921. *Id.* at 1246 (citing *Jennings v. Mukasey*, 511 F.3d 894, 899 (9th Cir. 2007)).

¶ 27        In *Bergman v. Caulk*, 938 N.W.2d 248 (2020), the Minnesota Supreme Court also addressed the meaning of expunged under section 921. The court in *Bergman*, like in *Crank*, consulted Black's Law dictionary to conclude expunge means to remove from a record or to erase or destroy. *Id.* at 251. And *Bergman*, much like *Barr* from Washington, also concluded an expungement that simply seals criminal records from public view does not remove, erase, or destroy the records from criminal background records utilized by law enforcement. *Id.* at 252. Therefore, if they were not removed, erased, or destroyed from use by law enforcement, the records were not expunged within the meaning of section 921 (18 U.S.C. § 921 (2016)).

¶ 28        In *United States v. Eubanks*, 617 F.3d 364, 367-68 (6th Cir. 2010), the Sixth Circuit determined even destroyed juvenile convictions were not expunged under the meaning of section 921 because the convictions could be later considered for sentencing purposes for an adult offender.

¶ 29        We find the cases referenced by ISP to be persuasive. See *Pekin Insurance Co. v. Fidelity & Guaranty Insurance Co.*, 357 Ill. App. 3d 891, 898 (2005) ("Absent an Illinois determination on a point of law, the courts of this state will look to other jurisdictions as persuasive authority.").

¶ 30        We note that Oklahoma's expungement statute provides 16 categories authorizing a person to move for expungement:

"1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the prosecuting agency subsequently dismissed the charge;

3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) subsequent to conviction, including a person who has been released from prison at the time innocence was established;

4. The person has received a full pardon by the Governor for the crime for which the person was sentenced;

5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested, are filed and the statute of limitations has expired or the prosecuting agency has declined to file charges;

6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence;

8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;

9. The person was charged with a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed;

10. The person was convicted of a misdemeanor offense, the person was sentenced to a fine of less than Five Hundred One Dollars ($501.00) without a term of imprisonment or a suspended sentence, the fine has been paid or satisfied by time served in lieu of the fine, the person has not been convicted of a felony and no felony or misdemeanor charges are pending against the person;

11. The person was convicted of a misdemeanor offense, the person was sentenced to a term of imprisonment, a suspended sentence or a fine in an amount greater than Five Hundred Dollars ($500.00), the person has not been convicted of a felony, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the end of the last misdemeanor sentence;

12. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the person has not been convicted of any other felony, the person has not been convicted of a separate misdemeanor in the last seven (7) years, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the completion of the sentence for the felony conviction;

13. The person was convicted of not more than two felony offenses, none of which is a felony listed in Section 13.1 of Title 21 of the Oklahoma Statutes or any offense that would require the person to register pursuant to the provisions of the Sex Offenders Registration Act, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the completion of the sentence for the felony conviction;

14. The person was charged with not more than two felony offenses and the charges were dismissed following the successful completion of a deferred judgment or delayed sentence, none of which were felony offenses listed in Section 13.1 of Title 21 of the Oklahoma Statutes or would require the person to register pursuant to the provisions of the Sex Offenders Registration Act, no

felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the charges were dismissed;

15. The person has been charged or arrested or is the subject of an arrest for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization; or

16. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes which was subsequently reclassified as a misdemeanor under Oklahoma law, the person is not currently serving a sentence for a crime in this state or another state, at least thirty (30) days have passed since the completion or commutation of the sentence for the crime that was reclassified as a misdemeanor, any restitution ordered by the court to be paid by the person has been satisfied in full, and any treatment program ordered by the court has been successfully completed by the person or the person can show successful completion of a treatment program at a later date. Persons seeking an expungement of records under the provisions of this paragraph may utilize the expungement forms provided in Section 18a of this title." Okla. Stat. tit. 22, § 18(A)(1)-(16) (West 2022).

¶ 31    The statute also states that expungement "shall mean the sealing of criminal records, as well as any public civil record, involving actions brought by and against the State of Oklahoma arising from arrest, transaction or occurrence." *Id*. § 18(B). The expungement statute goes on to state that "[r]ecords expunged pursuant to paragraphs 4, 8, 9, 10, 11, 12, 13, 14, 15, and 16 of subsection A of this section shall be sealed to the public but not to law enforcement

agencies for law enforcement purposes." *Id.* § 18(D). And "[r]ecords expunged pursuant to paragraphs 8, 9, 10, 11, 12, 13, and 14 of subsection A of this section shall be admissible in any subsequent criminal prosecution to prove the existence of a prior conviction or prior deferred judgment without the necessity of a court order requesting the unsealing of the records." *Id.*

¶ 32        Rieff's expungement order does not state under which of the 16 categories he moved for expungement. However, because his convictions from Oklahoma were both felonies, only a few of the categories appear relevant: namely paragraphs 12 through 14. Notably, expungements under paragraphs 12 through 14 are not sealed to law enforcement agencies for law enforcement purposes and are admissible in subsequent criminal prosecutions to prove the existence of a prior conviction. Indeed, it is clear Rieff's expungement order did not seal his Oklahoma convictions from law enforcement because ISP's business records show Rieff's Oklahoma convictions were disclosed in its search even after Rieff had obtained his expungement order.

¶ 33        The circuit court, at the hearing, found it noteworthy that Rieff's expungement order stated his Oklahoma convictions were both expunged and sealed. However, the order itself and Oklahoma's expungement statute both state that expungement and the sealing of records are synonymous. The court also correctly noted that Oklahoma's sealing of records statute states:

> "Upon the entry of an order to seal the records, or any part thereof, or upon an automatic expungement described in subsection B of this section, the subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person." *Id.* § 19(G).

However, this statute's phrasing that the "official actions shall be deemed never to have occurred" (*id.*) directly contradicts section 18(D) of the expungement statute that says various categories of expungement are not sealed to law enforcement and are admissible in subsequent prosecutions. It is clear from a reading of the entire statute that Oklahoma's expungement law only seals records from public view, which is not, as other jurisdictions have aptly noted, the same as erasing or destroying the records as if they never occurred. See *Antunes v. Sookhakitch*, 146 Ill. 2d 477, 484 (1992) ("To ascertain the legislative intent, the court must look first to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section.").

¶ 34        At the hearing, it was Rieff's burden to show his expungement order was satisfactory and not contrary to federal law pursuant to section 10(c)(4) of the FOID Card Act (430 ILCS 65/10(c)(4) (West 2022)). *Baumgartner v. Greene County State's Attorney's Office*, 2016 IL App (4th) 150035, ¶ 46. Rieff's expungement order, without more, had only showed that his Oklahoma convictions had been sealed from public view. The circuit court erred when finding Rieff's expungement was not contrary to federal law. After considering ISP's arguments and reviewing the record, we find that ISP's brief demonstrates *prima facie* reversible error.

¶ 35                              III. CONCLUSION

¶ 36        For the reasons stated, we reverse the circuit court's judgment.

¶ 37        Reversed.