**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RENE OTERO ROSAS,<br><br>              Petitioner,<br><br>    v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>              Respondent. | No. 24-2238<br><br>Agency No.<br>A216-268-975<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Rene Otero Rosas petitions for review of the Board of Immigration Appeals'

("BIA's") decision affirming the Immigration Judge's ("IJ's") denials of (1) his

motion to terminate proceedings due to a deficient Notice to Appear ("NTA") and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(2) his motion to suppress evidence stemming from an alleged egregious Fourth Amendment violation. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo and the agency's factual findings for substantial evidence. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We deny the petition.

1.      The agency did not err in denying Otero Rosas's motion to terminate removal proceedings based on a deficient notice to appear ("NTA"). When initiating removal proceedings, the agency must provide the noncitizen with written notice to appear containing the "time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). We have held that this requirement is a claim-processing rule which does not affect the subject matter jurisdiction of immigration courts over removal proceedings, and which "may be forfeited if the party asserting the rule waits too long" to raise it. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc) (citation omitted). Under BIA precedent, "an objection to a noncompliant notice to appear [is] timely if it is raised prior to the closing of pleadings before the Immigration Judge." *Matter of Fernandes*, 28 I. & N. Dec. 605, 610–11 (B.I.A. 2022). The first NTA Otero Rosas received was deficient because it failed to specify a time or a place for him to appear. However, Otero Rosas did not raise an objection to the deficient NTA until July 15, 2019—four months after the close of pleadings on February 20,

2019 (when he conceded proper service of the NTA and denied the factual allegations and charge of removability).[1]

2. The agency correctly denied Otero Rosas's motion to suppress evidence and terminate removal proceedings based on an alleged egregious Fourth Amendment violation because the stop on February 14, 2018, was not a Fourth Amendment violation. The BIA adopted the IJ's findings and analysis on this issue with no additional analysis. Accordingly, "[w]e review the decisions of both the BIA and the IJ." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation modified).

The IJ credited the officers' account that they knew from prior research on their target (Otero Rosas's son) that Otero Rosas had a "history of prior voluntary returns to Mexico," suggesting he lacked legal status. The IJ also credited the officers' account that they recognized Otero Rosas when they saw him enter his car and suspected he was unlawfully present in the country based on their familiarity with his immigration history, and that was why they followed his car and stopped him. Otero Rosas does not challenge the agency's findings. Based on those

---

[1] Further, the remedy for a deficient NTA ordinarily is not termination. *See Matter of Fernandes*, 28 I. & N. Dec. at 614 (Immigration Judge "may allow the violating party to remedy the defect without dismissing proceedings."); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (explaining that "the appropriate remedy" when a noncitizen is served a deficient NTA is for the agency to "provid[e] the [noncitizen] . . . with the complete notice at a later time").

findings, the officers had reasonable suspicion specific to Otero Rosas when they conducted the stop. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (officers must have reasonable suspicion as to "the particular person being stopped"). Accordingly, Otero Rosas has not shown there was an egregious Fourth Amendment violation requiring suppression of the I-213 form. *See Martinez-Medina v. Holder*, 673 F.3d 1029, 1033–34 (9th Cir. 2011) (exclusionary rule applies in removal proceedings when there is an "egregious" Fourth Amendment violation).[2]

**PETITION DENIED.**[3]

---

[2] Petitioner's motion to supplement or correct the administrative record (Dkt. 28) is denied. *See* 8 U.S.C. § 1252(b)(4)(A); *Jennings v. Mukasey*, 511 F.3d 894, 900 (9th Cir. 2007). Petitioner has not shown that the brief to the BIA was part of the administrative record below and omitted from the record before this court by error or accident. *See* Fed. R. App. P. 10(e)(2).

[3] The motion to stay removal (Dkt. 18) is denied. The temporary stay of removal remains in place until the mandate issues.